32 185
33 217
32 185
49 748

S. R. LICHTENBERGER V. FRANK JOHNSON.

[FILED JUNE 30, 1891.]

1. **Chattel Mortgages:** PROVISIONS FOR SEIZURE BY MORTGAGEE CONSTRUED. Where a chattel mortgage provides that the debt shall draw interest and shall be paid at certain stated times, and thereby is an implied agreement that the mortgagor shall remain in possession of the property until there is a default in payment, a provision that "if the mortgagee shall at any time feel unsafe or insecure, he may seize and sell the property," will not authorize such mortgagee, without evident cause, to seize and sell such property before the debt becomes due.

2. ———: ———. The words "feels unsafe and insecure" do not mean that he may exercise an arbitrary discretion in the premises, but the mortgagor must be about to do, or has done, some act which tends to impair the security. (*Newlean v. Olson*, 22 Neb., 717.)

ERROR to the district court for York county. Tried below before NORVAL, J.

*Merton Meeker* and *Sedgwick & Power*, for plaintiff in error, cited: *Howard v. Chase*, 104 Mass., 249; *Moore v. Young*, 4 Biss. [U. S. C. C.], 128.

*France & Harlan, contra,* cited: Jones, Chat. Mort., secs. 492–6, and cases; *State v. Julien,* 48 Ia., 445; *Bullene v. Smith,* 73 Mo., 151.

COBB, CH. J.

This cause is on error from the district court of York county.

The plaintiff in error, who was plaintiff below, on November 22, 1888, alleged that he had a special property in one bay horse, star in face, eleven years old, weight 950 pounds, named "Bill," and also one gray mare, three years old, weight 800 pounds, named "Topsey," for the reason that the defendant on August 18, 1887, executed a chattel mortgage on said property conveying it to him, to secure two promissory notes of even date therewith for $25, due December —, 1887, and for $135, due August 18, 1888, with ten per cent interest per annum from date until paid; that the last note is still held by the plaintiff and has never been paid, and that the said chattel mortgage made and executed by defendant to plaintiff contained, among other provisions, the following, to-wit: "That in case of default made in the payment of the above mentioned promissory notes, or in case of my attempting to dispose of or remove from said county of York the aforesaid goods and chattels or any part thereof, or if at any time the said mortgagee or his assigns shall feel unsafe or insecure, then and in that case it shall be lawful for the said mortgagee or his assigns, by himself or agent, to take immediate possession of said goods and chattels wherever found, the possession of these presents being his sufficient authority therefor;" and that defendant did in fact, on April

3, 1888, attempt to dispose of said goods and chattels by bargaining, selling, granting, and conveying the same to Burr & Williams, by an instrument in writing made and executed by defendant, a full, true, and complete copy of which is attached to and made a part of the files in this action; and that on April 19, 1888, plaintiff did in fact feel unsafe and insecure and did make demand upon defendant for the possession of said goods and chattels, which demand was by defendant then and there refused.

To this petition the defendant filed answer admitting the making of the notes and mortgage to the plaintiff, but denying each and every other allegation in the petition contained.

At the November, 1888, term, the cause was tried in the district court upon those issues, to a jury, which found that the right of property and right of possession at the commencement of the action was in the defendant—found the value of the property to be $160 and assessed the damages for the detention by plaintiff at $115. The defendant by order of the court remitted $50 of the verdict.

The plaintiff assigned the following errors for review:

I. The verdict is not sustained by sufficient evidence, is contrary to the evidence, and contrary to the law.

II. The court erred in rendering judgment that the defendant have return of the property replevied.

III. In rendering judgment for damages of $65.

IV. In rendering judgment for the recovery of the value of the property assigned at $160.

V. In not requiring defendant to remit a larger sum from the amount of the verdict.

VI. The verdict was excessive and a new trial should have been granted.

The salient question presented in this case, and which controls all minor considerations affecting the trial, verdict, and judgment, in the court below, is that of the discre-

tion and absolute right of the plaintiff to take possession of the property under that provision of his mortgage, that "if he shall, at any time, feel unsafe or insecure he may, seize and sell the property." The legal draftsman who invented this form of chattel mortgage, and placed it in general use, seems to have been actuated not only by a diabolical spirit of avarice, but of that "vaulting ambition, which o'erleaps itself and falls on the other side." A second mortgage of the property, subject to that of the plaintiffs, was the motive for seizing and selling it by the plaintiff. It subtracted from the defendant's means of labor and acquisition, before the debt was due. The testimony to the jury, on the trial, was sufficient evidence that the property was in a better condition and was more valuable, as security, when seized by the plaintiff than it was at the date of his loan and mortgage. The first note of the loan had been met before maturity. The plaintiff was then, in fact, better secured at the time when he "felt unsafe and insecure," than at any former period. His distrust of the mortgagor was a mistaken want of confidence, for which he is to be held responsible. His suspicions lacked that faith and reliance due to the value of material things presented to the senses. The jury found that he was not justified, for the security of his debt, in the seizure of the property, and returned a verdict accordingly. The court below tempered the verdict with a proper remittitur, and entered judgment accordingly. All of this judicial proceeding was in accord with the just decision and rule long held in this state, that "the words *feels unsafe and insecure* do not mean that the mortgagee may exercise an arbitrary discretion in the premises, but the mortgagor must be about to do, or has done, some act which tends to impair the security of the mortgage." (*Newlean v. Olson*, 22 Neb., 717.) This act does not appear to have been done, or to have been contemplated by the defendant.

The errors are overruled, and the judgment of the district court is

AFFIRMED.

MAXWELL, J., concurs.

NORVAL, J., having tried the case in the district court, did not offer an opinion.