HAWVER *v.* BELL *et al.*

(*Supreme Court, General Term, Third Department.* July 2, 1892.)

CONVERSION BY CHATTEL MORTGAGEE—EVIDENCE—QUESTION FOR JURY.

Where one takes possession of chattels under a mortgage which provides that the mortgagee may do so if he "shall at any time deem said property or debt unsafe," in an action of conversion for so doing he must show some ground for having deemed himself insecure, and, if there is any evidence to that effect, it is a question for the jury whether in reality he did deem himself insecure.

Appeal from circuit court, Sullivan county.

Action by Mary Ann Hawver against Edmund R. Bell and Walter L. Bell, executors of Calvin H. Bell, deceased, for conversion of certain chattels. From a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial on the minutes of the trial judge, defendants appeal. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*John F. Shaw,* for appellants. *T. F. Bush,* for respondent.

MAYHAM, P. J. This action was for a wrongful conversion of personal property. The defendant alleges that the property was taken by virtue of a

chattel mortgage, which was given to secure the payment of a note for $569. That the mortgage and note were given by plaintiff to Alexander Archibald, and by him assigned to defendant's testator. The plaintiff replied to this answer, alleging that the note and mortgage were usurious and void. Two questions were litigated on the trial: *First*, the right of the defendant to take the property on the mortgage; *second*, the value of the property taken. At the time the property was taken the mortgage debt was not due and no actual default had occurred, but the mortgage contained the following clause: "And, in case the said Alexander Archibald shall at any time deem said property or debt unsafe, it shall be lawful for him to take possession of such property, and to sell the same at public or private sale previous to the time mentioned for the payment of said debt." The defendant, to prove that there was reason to apprehend that the property and debt were unsafe, proved that there was a judgment against the mortgagor on which an execution had been issued, and levied upon some of the mortgaged property. The authorities seem to be to the effect that when a mortgagee assumes to take possession of the mortgaged property under the safety clause before default, he must show some ground for claiming that he deems himself insecure. *Hall* v. *Sampson,* 35 N. Y. 274; *Hathaway* v. *Bragman,* 42 N. Y. 322; *Allen* v. *Vose,* 34 Hun, 57. But when there is any evidence upon that subject it becomes a question of fact for the jury to determine whether the mortgagee did in reality feel insecure, or whether it was a mere pretense for the purpose of enforcing payment of the security before maturity. That question, we think, was properly left to the jury in this case by the learned trial judge, and there was no exception taken to that direction by the defendant. The plaintiff at the trial offered evidence tending to prove that at the time of the making of the note and mortgage there was added to the amount actually due 5 per cent. above the amount due the mortgagee, and also, in addition thereto, $4 for his expenses in going from Delhi to the place where the business was done, and $2.50 for horse hire, which amounted in all to $48; and that $12 was paid by the plaintiff to the mortgagee at the time in butter, and the balance of $36 was included in the note and mortgage; and that this was done because the mortgagee claimed that he wanted to sell the note and mortgage, and would have to do so at a discount. There was some conflict in the evidence upon the subject of the usurious exaction and receipt of this $48, but that question was also submitted to the jury as a question of fact under proper instructions by the trial judge. And the evidence was sufficient to uphold the finding of the jury, if they believed that offered on the part of the plaintiff, that the consideration of the mortgage and note was tainted with usury. The same is true of the contention over the value of the property taken. It was a disputed question of fact for the jury, and their finding cannot be disturbed by the court. Some objections and exceptions were taken by the defendant to the ruling of the judge on the trial in reference to the admission of evidence and the charge, but we find no error committed by him on the trial for which the judgment can be reversed. There was sufficient evidence to sustain the verdict of the jury upon all the questions of fact submitted to them, and this court cannot interfere with the verdict.

The judgment must be affirmed, with costs. All concur.