WILLIAM T. SHACKELFORD V. WALTER HARGREAVES ET AL.

FILED NOVEMBER 9, 1894. No. 5005.

Replevin: BREACH OF CONTRACT. Where parties litigant had entered into a contract under which the possession of a stock of merchandise was transferred from plaintiff to defendants on a sufficient independent consideration, plaintiff could not found a superior right of possession, such as would entitle him to maintain replevin for said stock, upon an alleged breach of said contract by defendants as to retaining plaintiff in their employ at a certain rate of compensation thereby fixed.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

A. H. Bowen, for plaintiff in error, cited: Lichtenberger v. Johnson, 32 Neb., 185; Hull v. Godfrey, 31 Neb., 204; Newlean v. Olson, 22 Neb., 717; Ward v. Watson, 24 Neb., 596; Jones, Chattel Mortgages, sec. 437; Brashier v. Tolleth, 31 Neb., 624.

*Tibbets, Morey & Ferris, contra,* cited : *Perkins v. Lougee,* 6 Neb., 220; *Kennedy v. Goodman,* 14 Neb., 585; *Keller v. Keller,* 18 Neb., 366; *Savage v. Aiken,* 21 Neb., 605.

RYAN, C.

This action of. replevin was begun in the district court of Adams county by the plaintiff in error to recover possession of a stock of groceries and queensware, together with other property necessary for carrying on the retail business for the sale of a stock of the character named. A trial to the court resulted in judgment in favor of the defendants. Such facts as are essential—gleaned solely from the evidence of the plaintiff—are as follows : In the latter part of July, 1889, plaintiff was in the retail grocery business at Hastings. Mr. Low, the credit man for Hargreaves Bros., came into plaintiff's store about 8 o'clock in the evening of July 29, 1889, and stood around there until closing time, talking about different things, among others the indebtedness of plaintiff to defendants, and asking for security in respect thereof. Plaintiff said he had nothing on which to give security ; whereupon Low asked if he could not give security on his stock and fixtures. This plaintiff declined to do at first, but afterwards consented to give a mortgage on the property which he subsequently replevied. The defendants, by Mr. Low, took possession of the mortgaged property on July 30, 1889, at about 10 o'clock A. M. Before possession was taken plaintiff had paid Mr. Low $649.73. On the evening of July 29 plaintiff and Mr. Low had a settlement of the matters between plaintiff and the defendants, and there .was found due from the plaintiff the sum of $2,205. The notes secured by the mortgage made on July 29 were for the aggregate sum of $2,200, each note being for $300, except the last of the series, which was for $400. The first of these notes was due August 1, 1889, following which date a note fell due

every sixth day. The mortgage, by its terms, provided that in case of default made in the payment of the notes mentioned, or any part thereof, or if the mortgagor should not take proper care of the property, or if said mortgagees should at any time deem themselves insecure, or in case of the mortgagor attempting or permitting an attempt to injure, or dispose of or remove from the county of Adams the goods and chattels mortgaged, it should be lawful for the said mortgagees or assigns, in person or by agent, to take immediate possession of the mortgaged goods and chattels wherever found. On the 30th day of July, 1889, between 11 and 12 o'clock in the forenoon, the defendants, through Mr. Low, by virtue of their mortgage, took possession of the property therein described, and required plaintiff to discharge one of his clerks. Soon thereafter Mr. Low brought a Mr. Gardner into the store and gave to him one of the keys thereto. Between 3 and 4 o'clock in the afternoon of said day Mr. Low brought into the store a contract which plaintiff after some hesitation signed, which was in the following language:

"HASTINGS, NEB., July 30, 1889.

"This agreement, made this 30th day of July, 1889, by and between Hargreaves Bros., of Lincoln, Nebraska, and W. T. Shackelford of Hastings, Nebraska, witnesseth: Hargreaves Bros. are now mortgagees of the stock of goods of W. T. Shackelford, and are at the present time in possession of said goods and chattels described in said mortgage, and it is hereby agreed between and by W. T. Shackelford and Hargreaves Bros. that said Shackelford shall act as agent of said Hargreaves Bros. so long as said Hargreaves Bros. may desire his services, at the rate of $100 per month, but this contract may be terminated by either party upon one day's notice. Said Shackelford shall act only as the agent of Hargreaves Bros. and shall sell goods only for cash, accounting to Hargreaves Bros. accu-

rately for all moneys received, and shall in all matters act
as directed by said Hargreaves Bros.

> "HARGREAVES BROS.,
>     "By GEO. J. LOW.
> "W. T. SHACKELFORD."

At the time this contract was signed Mr. Low was in
possession of the store as agent for the defendants.    About
9 o'clock A. M. of July 31, 1889, Mr. Low closed the
store.   On the following day plaintiff replevied the mort-
gaged property, but being unable to give bond as required
by law, the action proceeded as one for the value of the
property replevied.   From this statement it is clear that
the plaintiff voluntarily turned over to the agent of the
defendants the possession of the property mortgaged, and
that thereafter this possession was acquiesced in and was con-
firmed by the written contract made between the plaintiff
and defendants.   There is of course no attempt to reform
this agreement in this form of action, nor is its validity in
any way attacked, except on the ground that it was ob-
tained by holding out to plaintiff the inducement, upon
which he relied, that he was to have employment at the
rate of $100 per month if he signed the contract; which
employment has since been denied him.   In his evidence
the plaintiff admitted that he read the contract, and if this
was true it should not have escaped his notice that by its
terms he might be discharged upon one day's notice when-
ever the defendants chose to dispense with his services.   If
he had not the requisite notice, he could perhaps recover
the compensation he was entitled to receive for one day's
services, but under the terms of the contract he could re-
cover no more.   By accepting a position as agent of the
defendants under the contract of employment to sell for
defendants the stock of merchandise, plaintiff recognized
the right of the defendants to hold possession of the prop-
erty mortgaged.   In an action of replevin there could not
be litigated plaintiff's right to recover damages for a breach

of contract; the only question determinable in such an action was the right of possession of the plaintiff as against he defendants at the time of the commencement of the suit. (*Blue Valley Bank v. Bane*, 20 Neb., 294.) On the proofs the court could find this right only in defendants' favor, and its judgment so holding was right.

Another matter is urged for our consideration by the plaintiff, and that is the alleged disability of the trial judge set forth in the motion for a new trial. This disability, as alleged, consisted of the facts stated by the presiding judge during the trial, that on account of loss of sleep and fatigue, etc., he was unable properly to understand, weigh, and consider the evidence adduced. While there were affidavits filed showing the existence of the facts claimed, there were other affidavits adverse thereto. On consideration of this conflicting evidence the motion for a new trial was overruled, and we cannot now presume that the judgment of the district court in that respect was wrong. The judgment of the district court is

AFFIRMED.