MILTON H. BROWN ET AL. V. OZIAL W. HOGAN.

FILED DECEMBER 2, 1896. No. 6907.

1. **Chattel Mortgages**: RIGHT OF POSSESSION. The discretion conferred upon a mortgagee by a stipulation authorizing him to take possession of the mortgaged chattels at any time he feels himself insecure is not an arbitrary one, but depends upon some act of the mortgagor, done or threatened, which tends to impair the security.

2. **Replevin**: ISSUE. The question for determination in an action of replevin, under the practice in this state, is that of the rights of the parties with respect to the possession of the property at the time of the commencement of the action.

ERROR from the district court of Dawson county. Tried below before HOLCOMB, J.

*C. W. McNamar* and *G. W. Fox*, for plaintiffs in error.

*George C. Gillan* and *E. A. Cook, contra.*

POST, C. J.

This was an action of replevin by the defendant in error, Ozial W. Hogan, who sued to recover possession of three horses, a wagon, and harness, and which resulted in the judgment in his favor in the district court for Dawson county, now before us for review.

It appears from the pleadings below that the plaintiff therein, on the 18th day of August, 1891, mortgaged the property in controversy to one Boyer as security for a note of even date therewith for $165, payable December 18, 1891, with interest from date at the rate of ten per cent per annum. By the terms of said mortgage, Hogan was authorized to retain possession of the property in controversy until the maturity of the note above described, said condition being accompanied by the following proviso: "In case the mortgagee shall at any time deem himself unsafe, then, and in that case, it shall be lawful for the said mortgagee, or his assigns, by himself or agent, to take immediate possession of said goods and chattels wherever found, the possession of these presents being his sufficient authority therefor." The note and mortgage aforesaid were, prior to the maturity thereof, assigned by Boyer, the mortgagee named, to the plaintiffs in error, Brown and Bleekman, who thereafter, on the 8th day of October, 1891, claiming that their security was being impaired by reason of Hogan's neglect to properly care for the property in controversy, took possession of said property and were proceeding to sell the same in satisfaction of the mortgage debt, when it was taken from them in obedience to the writ in this action. The alleged negligence on his part is, in terms, denied by the defendant in error, who in substance charges that the claim in that regard is not made in good faith, but is on

the contrary a mere pretense, under which it is sought unlawfully to deprive him of the possession of his property. We find in the record abundant evidence to sustain the contention that there was, when the property was taken by the plaintiffs in error, and at the date of the commencement of the action, no threatened impairment of their security. The case is, therefore, clearly within the rule asserted in *Newlean v. Olson*, 22 Neb., 717, *Lichtenberger v. Johnson*, 32 Neb., 185, and *Case Plow Works v. Marr*, 33 Neb., 215, viz., that the discretion conferred upon the mortgagee by a condition like that quoted is not an arbitrary one, authorizing him, at his pleasure, to seize and sell the mortgaged property, but depends upon some act of the mortgagor, done or threatened, which tends to impair the value of his security. It follows that the defendant in error was entitled to the possession of the property at the date of the commencement of the action, and that the judgment in his favor is right, unless, as contended by plaintiffs in error, a different result should have been reached by reason of the maturity of the mortgage debt pending the trial of the cause upon its merits.

We have been referred to cases from other courts which appear to sustain the proposition here contended for upon the ground that it is permissible for the court in actions of this character to determine the rights of the parties as they exist at the time of the trial; but the cases cited, although doubtless sound as expositions of the statutes by which they are controlled, cannot be accepted as authority in this state, in view of the peculiar language of our statute, which prescribes the form of verdict and judgment in actions of replevin. It is by section 191, Code of Civil Procedure, provided that in all cases where the property has been delivered to the plaintiff and the jury shall find upon issue joined for the defendant, they shall find whether the defendant had the right of property or right of possession only at the commencement of the suit, and if they find either in his

favor, they shall assess such damages against the plaintiff as they may deem right and proper, for which, with costs of suit, the court shall render judgment. Section 191a, in substance, provides that the judgment in case of a failure of the plaintiff to prosecute, or in case of a verdict for the defendant upon the merits when the property has been delivered to the plaintiff, shall be for the return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and damages for withholding the property, and costs of suit, while section 192 declares that where the property has been delivered to the plaintiff and the jury shall find for the plaintiff, on issue joined, or on inquiry of damage upon a judgment by default, they shall assess adequate damages in his favor for the illegal detention of the property, for which, with costs of suit, the court shall enter judgment. These requirements have, as a rule, been held mandatory, and a compliance therewith essential in order to sustain judgments rendered in actions of replevin. (*Manker v. Sine*, 35 Neb., 746; *Garber v. Palmer*, 47 Neb., 699.) They also, as has been frequently said by this court, contemplate that the question to be determined in a controversy of this character is that of the rights of the parties with respect to the possession of the property at the time the action was commenced. (*Gillespie v. Brown*, 16 Neb., 457; *Blue Valley Bank v. Bane*, 20 Neb., 295; *Kay v. Noll*, 20 Neb., 380; *Fischer v. Burchall*, 27 Neb., 245; *Shackleford v. Hargreaves*, 42 Neb., 680; *Kilpatrick-Koch Dry Goods Co. v. Strauss*, 45 Neb., 793.) The cases here cited are, it is believed, decisive of the case at bar, and render unnecessary an examination of the other questions discussed by counsel.

JUDGMENT AFFIRMED.