# Hardison, *et al. v.* Plummer.

### *Detinue.*

(Decided July y2, 1907.   44 South. 591.)

1. *Corporations; Foreign Corporations; Failure to Comply With Statute; Executed Contracted.*—A chattel mortgage taken by a foreign corporation and foreclosed is an executed contract and is not within the provisions of sections 1323, Code 1896.

2. *Same; Capacity of Purchaser.*—Where the purchaser made in his individual capacity the purchase at the foreclosure sale, the fact that he was an officer of the foreign corporation mortgâgee, did not prevent the foreclosure of the mortgage becoming an execution of the contract.

3. *Detinue; Elements of Action; Possession.*—Where it was shown that the property which was wrongfully taken was in the possession of the plaintiff at the time of such taking, plaintiff was entitled to recover in detinue unless the defendant wrongdoers established title in themselves or in another with whom they were connected.

4. *Chattle Mortgages; Right of Possession.*—The mortgagee of chattel has the legal title thereto with right of immediate possession, even before the law day, unless the mortgage, by its stipulatians, or reasonable implication from its terms and conditions gives the right to the mortgagor to retain possession until the law day.

5. *Same; Construction.*—Where the mortgage recited that the balance due for the price of an edger should not be due and payable until a certain number of logs had been delivered, the buyer of the edger was entitled to possession of the same unti the time of the delivery of the last lot of logs.

[Hardison, et al. v. Plummer.]

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Detinue by Theodore Plummer against L. B. Hardison and others for the recovery of a saw mill edger. There was judgment for plaintiff and defendants appeal, and separately assign error. Affirmed.

HENRY FITTS, and ORMOND SOMERVILLE, for appellant. (The original brief did not come to the Reporter.)

FOSTER & OLIVER, and H. A. JONES, for appellee. Upon the foreclosure of the mortgage it became an executed contract.—*Diefenback v. Vaughan*, 116 Ala. 154. One who has sold and delivered personal property to a foreign corporation not authorized to do business in this state will not be permitted to avoid the sale.—*A. J. Cranor Co. Ltd. v. Miller, et al.*, 41 South. 679.

ANDERSON, J.—The Plummer Lumber Company bought the property involved in this suit from the defendants, Forbes & Carlos, sold it to one Fordyce, who executed a mortgage to said Plummer Company. Fordyce made default, and the Plummer Company, after first getting possession, sold the property under the power of sale given by the mortgage. The plaintiff, Theodore Plummer, purchased the property at said sale, went into possession and then put it in charge of Hardison, as his agent, and who subsequently turned it over to the other defendants, Forbes & Carlos. It was proven, that at the time the Plummer Company took the mortgage from Fordyce, it was a foreign corporation and had not complied with the statute.—Article 16 of Chapter 28 of the Code of 1896. The appellant contends that the mortgage was therefore void and that the plaintiff could not recover. The contract was not executory after the foreclosure as plaintiff had bought the property and

gone into possession.—*Cranor Co. v. Miller*, 147 Ala. 268, 41 So. Rep. 679; *Gamble v. Caldwell*, 98 Ala. 577; *Farrior v. New England Mortgage Co.*, 88 Ala. 275; *Kindred v. New England Mortgage Co.*, 116 Ala. 192.

There is no proof that the plaintiff bought the property for the corporation, notwithstanding he was connected with it as an officer, and the fact that he was so connected did not prevent the mortgage from becoming an executed contract after the foreclosure under the power of sale. Moreover, the plaintiff proved a possession at the time of the taking and upon which he could recover in detinue, as against a wrongdoer and was entitled to a judgment unless the defendants established a title in themselves or in one with whom they were connected.

Appellants contend that they showed title under a mortgage given by the Plummer Company to them, and which was superior to the one given by Fordyce to the said Plummer Company. This mortgage, relied upon by appellants, was embraced in and was a part of the contract of sale, and expressly provides, that the debt thereby secured was not to become due, until a delivery of a certain number of logs, and the undisputed evidence is, that the logs were not delivered, therefore, the mortgage was not due. It is insisted, however, that while there may have been no default in the mortgage, that by the terms of same, there was no reservation of the possession until the maturity of the debt.

At law the mortgagee of chattels has the entire legal property, with the right of immediate possession, even before the law day of the mortgage, unless, by stipulation, or by reasonable implication from its terms and conditions the mortgagor is to remain in possession until the law day.—*Boswell & Woolley v. Carlisle, Jones & Co.*, 70 Ala. 244.

While there is no express reservation of the possession in the mortgage under consideration, there can be but little doubt, from the terms of the entire contract, of which the mortgage is a part, that it was the manifest intention of the contracting parties, that the mortgagor was to remain in the possession of the property up to the delivery of the last lot of logs, and defendants could not defeat the plaintiff's right to recover by the mortgage introduced, as it gave them no right to the possession of the property.

The case of *Heflin & Phillips v. Slay*, 78 Ala. 182, supports our conclusion. Nor is the case of *Ellington v. Charleston*, 51 Ala. 166, in conflict with same. There the only possession of the horse recovered, was the duty to feed it and to work it while cultivating the mortgagee's land, under the contract. The court did not determine the status during a continuation of the contract but based the conclusion upon the fact, that the mortgagor had abandoned the contract and thereby forfeited such possessory right as she may have had to the horse. The opinion does not say what the result would have been in case the contract was not abandoned by the mortgagor.

The judgment of the county court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concurring.