(81 South. 857)

PHILLIPS v. HARTSELLE.    (8 Div. 606.)

(Court of Appeals of Alabama.    April 8, 1919.
Rehearing Denied May 6, 1919.)

1. CHATTEL MORTGAGES ⬥➡129, 159—MORT-GAGEE'S RIGHT TO POSSESSION.

The mortgagee is the owner of the chattel covered by the mortgage, and entitled to its possession, even before the law day of the mortgage, in the absence of express stipulation, or one arising by reasonable implication from the mortgage, reserving in the mortgagor the right to possession until default in payment of the debt.

2. CHATTEL MORTGAGES ⬥➡161 — MORTGA-GOR'S RIGHT TO POSSESSION — PERSONAL CHARACTER.

Under Code 1907, § 7423, a chattel mortgagor's right to possession of the property by express stipulation, or one arising by implication from the terms and conditions of the mortgage, is a right personal to the mortgagor, which he cannot pass to another, a junior mortgagee, without the consent of the senior mortgagee.    •

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by J. M. Phillips against J. M. Hartselle. From judgment for defendant, plaintiff appeals. Reversed and remanded.

John R. Sample, of Hartsells, and E. W. Godbey, of Decatur, for appellant.

S. A. Lynne, of Decatur, for appellee.

BROWN, P. J. This is an action by the appellant, as the holder of a first mortgage, against a junior mortgagee to recover possession of the mortgaged property, which, before the commencement of the suit, had been voluntarily surrendered to the defendant by the mortgagor. There is no dispute in the evidence as to the existence of a large balance remaining unpaid on the mortgage debt held by the plaintiff.

[1] It is well settled that the mortgagee is the owner of the chattel covered by a mortgage and is entitled to the possession thereof even before the law day of the mortgage in the absence of an express stipulation, or one arising by reasonable implication from the terms and conditions of the mortgage, reserving in the mortgagor the right to retain possession until default in the payment of the mortgage debt. Hardison v. Plummer, 152 Ala. 619, 44 South. 591; · Boswell & Wooley v. Carlisle, Jones & Co., 70 Ala. 244; Bank of Andalusia v. Freeman 200 Ala. 13, 75 South. 325.

[2] There is no express stipulation in the mortgage offered by the plaintiff to sustain his title, reserving to the mortgagor such right, and, assuming that under the terms and conditions of the mortgage such right

arises by implication, it is necessarily a right personal to the mortgagor which he cannot pass to another without the consent of the mortgagee. Code 1907, § 7423.

The holder of the first mortgage is without doubt entitled to the possession of the property as against all persons except the mortgagor.

The plaintiff, on the evidence, was entitled to the affirmative charge.

·Reversed and remanded.