(132 So. 608)

### MANUFACTURERS' FINANCE ACCEPTANCE CORPORATION v. WOODS.

3 Div. 650.

Court of Appeals of Alabama.

June 10, 1930.

Rehearing Denied June 30, 1930.

Affirmed on Mandate Feb. 24, 1931.

RICE, J.

Appellee purchased an automobile from the McCann Motor Company, executing a mortgage thereon to the vendor to secure some deferred payments on the car. This mortgage was, concurrently with the purchase and its execution, transferred, for value, to the appellant. One of the stipulations in said mortgage contract was that, "whenever you (referring to the mortgagee) shall deem the debt insecure, * * * the full amount unpaid hereunder, including any note given, shall become due and payable forthwith, and you or your assigns may, without any previous notice or demand of performance, and without legal process, enter any premises where said chattel may be found, and take possession thereof, after which you may at your option, make such disposition of said chattel as you shall deem fit, and all payments made by me shall be retained by you as liquidated damages for the use of said chattel while in my possession, and not as a penalty. Or said chattel may be sold," etc.

This appeal is from a judgment in favor of appellee, in a detinue suit brought against him by appellant, seeking the possession of the car in question. The case was tried before the judge sitting without a jury. In such situation the finding of the learned judge has, as is too well known to need the citation of authority, the same force and effect as the verdict of a jury. However, the execution and validity of the above-mentioned mortgage was in no wise questioned. Its admission in evidence was without objection. And, so far as we can see, we are in as advantageous position to pass upon the simple issue involved upon the trial, as was the nisi prius judge.

It is well understood that a mortgage is construed most strongly against the mortgagor, Seay & Hendrick v. McCormick, 68 Ala. 549, or, as stated by our Supreme Court in the opinion in the case of J. Zimmern's Co. v. Granade, 212 Ala. 172, 102 So. 210: "all instruments are to be taken 'contra proferentem' against him who gives, or undertakes, or enters into an obligation."

We state and quote the above principle, though, we believe, unnecessarily, because really the quoted provision of the mortgage involved in this suit seems to us to *need* no construction. Much is made, in argument by counsel, over the action of the trial court in refusing to allow appellant's "local manager" to testify that "he deemed the debt (of appellee to appellant) insecure" at the time of the institution of this suit. We think the testimony sought by the question *immaterial.* The very fact of the bringing of the suit was, we hold, conclusive of the question of whether or not appellant did "deem the debt insecure," to the result that it *did;* and, under the plain terms of the mortgage, or, if not so, *because* the mortgage did *not* stipulate to the contrary, it was entitled to the immediate possession of the car, and judgment was

erroneously rendered against it. Bank of Andalusia v. Freeman, 200 Ala. 13, 75 So. 325; Holman v. Ketchum, 153 Ala. 360, 45 So. 206; Boswell & Woolley v. Carlisle, Jones & Co., 70 Ala. 244; Marks v. Robinson & Ledyard, 82 Ala. 69, 2 So. 292.

█ Or, in view of the difference of opinion that has arisen among the members of this court, we will add that, because appellee wrote appellant on December 31, 1928, the following letter:

"The Whitley Montgomery, Ala.
"Montgomery, Dec. 31,

"Manufacturers Finance Corp.

"Dear Sir: Am writing you in regards of my car. I have a job in Palm Beach Fla. which will start Jan. 5 and I want to let you know about it before I leave I bought the car on those conditions as my wife and I both do Hotel work and was expecting to have this job when I bought the car. Would like to hear from you by return mail about this matter. Yours truly. R. W. Woods, 416 Dexter Ave., Montgomery.

"P. S. And I have not gotten a receipt of my payment Dec. 24th"

—and because the mortgage or conditional sales contract involved, contained the following stipulations:

"* * * Or if said chattel is removed or attempted to be removed from the State * * * the full amount unpaid hereunder, including any note given, shall become due and payable forthwith, and you or your assigns may, without any previous notice or demand of performance, and without legal process, enter any premises where said chattel may be found, and take possession thereof, after which you may," etc.

—appellant was clearly justified under *this* clause or provision of its said mortgage, etc., in instituting the detinue suit promptly upon January 5, 1929, and the trial court erred in overruling its motion for a new trial.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

SAMFORD, J. (concurring).

In concurring in the conclusion reached by RICE, J., I do not lose sight of the opinion written by me in Harris & Co. v. Thomas, 17 Ala. App. 634, 88 So. 51, as indicated in the second headnote. I am still of the opinion that the law is as there stated, but the application of that principle seems to be limited in this state to equity jurisdiction and not to courts of law. I am driven to this conclusion by the opinion in Marks v. Robinson & Ledyard, 82 Ala. 69, 2 So. 292, 295, and Holman v.

Ketchum, 153 Ala. 360, 45 So. 206, 207. In the Marks Case, supra, Stone, C. J., says: "The effect of a mortgage is different from that of any other species of conveyance, in some particulars. It is treated differently in the two leading jurisdictions, equity and common law. * * * In the latter [Law] it is, as between the parties, a transfer of the legal title, leaving in the mortgagor only a right to redeem, called in the books an equity of redemption. The mortgagor in possession holds in subordination to the right and title of the mortgagee * * * and the latter may dispossess him at any time by *action at law* [italics mine], unless, by the terms of the mortgage, possession is reserved in the mortgagor for a term not expired." There was no such reservation of possession in the mortgage in the present case, either expressed or implied, and hence in a law forum the mortgagee is the legal owner and entitled to the possession. This case is reaffirmed in the Holman Case, supra, in which it is said: "Before foreclosure there is in the mortgagor only the equity of redemption, *which is not cognizable in a court of law.* (Italics mine.) For the foregoing reasons I concur with RICE, J.

BRICKEN, P. J. (dissenting).

The following facts are disclosed by the record:

On November 4, 1928, appellee purchased a new Pontiac automobile from the McCann Motor Company; the purchase price was $878; he paid $297 in cash and agreed to pay the balance in equal monthly installments. To secure the deferred payments, the appellee executed a written instrument, which is referred to in the brief of the appellant as a chattel mortgage and in the brief of the appellee as a conditional sale contract, in which it was stipulated, "whenever you (referring to the mortgage) shall deem the debt insecure * * * the full amount unpaid hereunder, including any note given, shall become due and payable forthwith and you or your assigns may, without any previous notice or demand or performance and without legal process, may enter any premises where said chattel may be found and take possession thereof, after which you may, at your option, make such disposition of said chattel as you shall deem fit, and all payments made by me shall be retained by you as liquidated damages for the use of said chattel while in my possession and not as a penalty. Or such chattel may be sold," etc. This instrument in writing was duly transferred and assigned by the McCann Motor Company to the Manufacturers' Finance Acceptance Corporation.

The first deferred payment became due on December 24, 1928, and was promptly paid. On January 5, 1929, the appellant instituted

a suit in detinue in the circuit court of Montgomery county, Ala., and procured a writ of seizure; the sheriff took possession of the car under this writ. Defendant in the court below, appellee here, did not make bond; appellant made bond and took possession of the car. The case was tried without a jury, and judgment rendered by the judge presiding in favor of the defendant for possession of the car and for $100 for the use and detention thereof and its alternative value fixed at $600. From that judgment this appeal is prosecuted.

In the opinion prepared by Judge RICE, he takes the position: "The mere fact that the bringing of the suit was, we hold, conclusive of the question of whether or not the appellant did deem the debt insecure to the result that it did, and, under the plain terms of the mortgage, or, if not so, because the mortgage did not stipulate to the contrary, it was entitled to the immediate possession of the car, and judgment was erroneously rendered against it."

I am unable to concur in that holding. Pretermitting all consideration of whether or not the assignment of the written instrument invested appellant with the right of the McCann Motor Company to deem the debt insecure for the reason that the paper was not made to the McCann Motor Company or its successors and assigns, I am of the opinion that the provision authorizing a seizure of the car "whenever the mortgagee shall deem the debt insecure" requires that such conclusion on its part be based upon facts and circumstances which would justify a reasonable person in arriving at such conclusion. The law does not contemplate that the appellant should have the arbitrary and capricious right to declare that it deemed the debts insecure when all the facts and circumstances connected with the transaction show there was no bona fide basis for such conclusion. There is no suggestion in this record that the car in question had been badly treated or injuriously operated. The appellant testified that the car was worth what he paid for it. The car had been operated, if operated at all, from November 24, 1928, to January 5, 1929. The trial court fixed the value of the car at $600 *on the day of the trial*, April 10, 1929. There is nothing in this record to suggest any substantial depreciation of the security *at the time* the appellant undertook to exercise its supposed right to seize the car.

Let us suppose, for the purpose of illustration, that the appellee in this case had stored the car from the time of its purchase to the date of seizure; that no steps had been made to operate the car within that time; that the car was in identically the same condition at the time it was seized as it was at the time

it was purchased. Could it be plausibly contended, under such circumstances, that, without rhyme or reason, the appellant might deem the debt insecure and seize the car, notwithstanding no default had been made in the deferred payments, and notwithstanding the admitted conclusion that there had actually been no impairment in the security?

Contracts must be given reasonable interpretation. While I recognize the right of parties to make whatever contracts they will, subject to the restrictions and limitations imposed by law, at the same time I recognize the rule that, when application is made to the courts to enforce contractual rights, instruments of this character will be given a reasonable, common sense, and practical interpretation. This contract is in this respect analogous to contracts where parties agree that a contract shall be performed to the satisfaction of the opposite party. It has been uniformly held under contracts of that character that, if no bona fide reason exists for dissatisfaction, then the law regards the contracting parties as satisfied. Electric Lighting Co. v. Elder, 115 Ala. 138, 21 So. 983; Worthington & Co. v. Gwin, 119 Ala. 44, 24 So. 739, 43 L. R. A. 382; Jones v. Lanier, 198 Ala. 363, 73 So. 535.

I think the same rule of reason should apply to this case. If in truth and in fact, as this record discloses, the debt was not insecure, then the appellant had no legal right to deem it insecure, and its attempt so to do was an arbitrary and capricious abuse of whatever right the written instrument conferred upon it.

What has been said is in line with the following authorities, wherein it was held: "A chattel mortgagee cannot arbitrarily create a forfeiture of the mortgage upon the ground that he deems himself insecure, as authorized by the mortgage, *without just cause therefor based upon the existence of facts constituting reasonable ground of belief*, which is a question for the determination of a jury." Nash v. Larson, 80 Minn. 458, 83 N. W. 451, 81 Am. St. Rep. 272; Feller v. McKillip, 109 Mo. App. 61, 81 S. W. 641; Brown v. Hogan, 49 Neb. 746, 69 N. W. 100; Meyer v. Michaels, 69 Neb. 138, 95 N. W. 63, 97 N. W. 817; Hawver v. Bell, 64 Hun, 636, 19 N. Y. S. 612, affirmed in 141 N. Y. 140, 36 N. E. 6. See, also, Hardison v. Plummer, 152 Ala. 619, 44 So. 591; Phillips v. Hartselle, 17 Ala. App. 79, 81 So. 857. Heflin & Phillips v. Slay, 78 Ala. 180.

"The mortgagee of chattel has the legal title thereto with right of immediate possession, even before the law day, *unless* the mortgage, by its stipulations, *or reasonable implication from its terms and conditions gives the right to the mortgagor to retain posses-*

*sion until the law day."* Hardison v. Plummer, supra.

Presiding Judge Brown of this court, now Mr. Justice Brown of the Supreme Court, in the case of Phillips v. Hartselle, 17 Ala. App. 79, 81 So. 857, said: "The mortgagee is the owner of the chattel covered by the mortgage, and entitled to its possession, even before the law day of the mortgage, in the absence of express stipulation, *or one arising by reasonable implication* from the mortgage, *reserving in the mortgagor the right to possession until default in payment of the debt.*"

In the case of Harris & Co. v. Thomas, 17 Ala. App. 634, 88 So. 51, Samford, J., of this court, said: "*A chattel mortgagee cannot arbitrarily and without reason before the law day seize property held under the mortgage,* though he holds the legal title, and the mortgage provides that, if the security ceases to be satisfactory, the mortgagee may seize any or all of the property and sell it; for, while such clause, inserted for the protection of the mortgagee, is valid, *courts will not permit it to be used for oppression,* but it is operative when a change has taken place in the security to place the mortgagee in a less favorable position."

The foregoing is exactly in accord with my view as to the law in this case and, it is difficult, if not impossible, to reconcile the concurring opinion here of my distinguished brother, SAMFORD, J., with the foregoing expression in the Harris Case, supra. The manifest conflict in the two cases by him is patent and certain.

In the case at bar, the very nature and character of the transaction as shown by the mortgage itself affords not only a reasonable, but, to my mind, an irrefutable implication that it was the intention of the parties thereto, the seller and the purchaser, for the chattel to remain in the possession of the mortgagor until default by him. It is not the custom, nor is it usual in transactions of this character, for the purchaser of an automobile from a dealer to leave the car in the dealer's possession. It is a matter of common and general knowledge, in this automobile age, that, when a person buys a car, the possession thereof is delivered to him by the seller, to be used by the purchaser. No other reasonable implication can be had of the transaction between the parties to this suit.

It results from what has been said that I am of the opinion that the judgment appealed from should be affirmed.

### PER CURIAM.

Affirmed on authority of Manufacturers' Finance Acceptance Corporation v. Woods (3 Div. 933), 222 Ala. 329, 132 So. 611.

