153 So. 188

MONTGOMERY, Superintendent of Banks, v. TUCKER et al.

5 Div. 174.

Supreme Court of Alabama.
March 1, 1934.

Chas. S. Moon, of La Fayette, and Denson & Denson, of Opelika, for appellant.

James W. Strother, of Dadeville, for appellees.

BROWN, Justice.

This is an action of trover for the conversion of five bales of cotton produced by J. F. Higgins during the year 1930, on his farm in Chambers county, covered by a mortgage executed by Higgins to the Chambers County Bank on the 4th day of January, 1930, to secure an indebtedness due and payable on the 1st day of November, 1930.

The complaint alleges that the cotton was converted by the defendants during the months of September and October, 1930.

The trial was by the court without the intervention of a jury on evidence taken ore tenus, and resulted in a judgment for the defendants.

The evidence shows that the cotton was sold and delivered to the defendants by Higgins in payment, or part payment, of a debt for guano furnished by defendants to Higgins in the year 1930, and that such sale and delivery and the disposition of the cotton by *defendants was before the law day of the mortgage.*

Therefore, in view of the undisputed evidence, and the law as declared in Albertville Trading Co. v. Critcher, 216 Ala. 252, 112 So. 907; Johnson v. Wilson & Co., 137 Ala. 468, 34 So. 392, 97 Am. St. Rep. 52; and Tallassee Falls Mfg. Co. v. First National Bank of Alexander City, 159 Ala. 315, 317, 49 So. 246, holding "that, in order to sustain the action of trover, the plaintiff must have *at the time of the alleged conversion* the right of property; that is, title, general or special, and the possession, or an immediate right of possession," the plaintiff could not maintain trover. (Italics supplied.)

Phillips v. Hartselle, 17 Ala. App. 79, 81 So. 857, was an action of detinue, in which plaintiff was entitled to recover if he show title and the right to possession at the time the suit was brought. This differentiates this case from the principle stated above.

But regardless of the principle above stated, there was ample evidence to justify the conclusion that the mortgagee, through its cashier, consented that the mortgagor might deliver to the defendants sufficient of his cotton covered by the mortgage to pay his guano debt, and if this was true the plaintiff was not entitled to recover. Albertville Trading Co. v. Critcher, supra. This evidence was admissible under the general issue. Barrett v. City of Mobile et al., 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54.

There was nothing in the evidence that tended to support defendants' plea B, and whether the court erroneously overruled the demurrer to said plea or not, this was error without injury.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.