5 So.2d 737

### SNEAD v. STEPHENS.

### 7 Div. 604.

Court of Appeals of Alabama.

Oct. 7, 1941.

Rehearing Denied Nov. 4, 1941.

Reversed on Mandate Jan. 20, 1942.

Reed & Reed, of Centre, for appellant.

W. Jay Tindle, of Fort Payne, for appellee.

BRICKEN, Presiding Judge.

This suit originated in the above styled court and was there tried without a jury. Plaintiff was given judgment under count "A" of the complaint, from which appellant Porter Snead (defendant) took an appeal to this court.

The original complaint, filed July 10, 1940, contained two counts in trover (said counts being practically identical), for the conversion of one bale of cotton, alleged to be the property of plaintiff, on the 5th day of October, 1939, and it is averred in the original complaint that the plaintiff owned title in and to said bale of cotton under and by virtue of a certain mortgage, executed by John Henry Vaughn, one of the defendants, to Mrs. Claud McNutt on January 5, 1939, and duly recorded in the office of the Probate Judge of DeKalb County, Alabama, on January 21, 1939, and that plaintiff purchased said mortgage, together with the property therein described, on July 1, 1939, and that he was, at the time of said alleged conversion, and also at the time of bringing of said suit, the owner of said mortgage.

Demurrers were interposed by the defendant, Porter Snead, to the complaint, and on October 8, 1940, the plaintiff Stephens amended his complaint by adding thereto count "A," in which he claimed of defendants damages for the destruction of plaintiff's mortgage lien on said bale of cotton on October 5, 1939, the due recordation of said mortgage in the office of Probate Judge of DeKalb County, and that on July 1, 1939, Mrs. Claud McNutt transferred the note to the plaintiff before its maturity, and that said note was due and payable on November 1, 1939.

The court reporter will set out the mortgage note herein referred to, in the report of this case.

The defendant, Porter Snead, demurred to count "A" of the amended complaint upon the ground, among others, that said count was a departure from the original cause of action, and that not having been filed within one year of the plaintiff's right thereunder was barred by the statute of limitations.

There are six assignments of error. Assignments 1, 2, and 3, respectively, allege that the trial court erred in overruling defendant's demurrer to count "A" of the complaint as amended, and it is insisted that count A, in which damages are claimed for the destruction of the plaintiff's mortgage lien upon the bale of cotton, is an entire departure from the plain-

tiff's cause of action as stated in the original complaint wherein the plaintiff claims damages for the conversion of said bale of cotton.

■■■■ An action of trover can be sustained only in those cases where the plaintiff has at the time of the alleged conversion the right of property, or its immediate right of possession. It appears from the allegations of the complaint that the sale and delivery of the bale of cotton involved in this suit by John Henry Vaughn to Porter Snead was before the law day of the mortgage, and for this reason it must be conceded that an action of trover would not lie at the time the suit in this case was brought. Montgomery, Superintendent of Banks, v. Tucker et al., 228 Ala. 182, 153 So. 188.

The plaintiff, in view of his inability to sustain his action of trover, as stated, amended his complaint by adding count "A" thereto, wherein he claimed damages for the destruction of his mortgage lien on the bale of cotton, by the defendants.

■■■■ There is no merit in appellant's contention that count A is a departure from the cause of action alleged in the original complaint. It appears from a reading of the complaint originally filed that the damages sought to be recovered were for the conversion by the defendants of a bale of cotton to which plaintiff alleged that he owned title by virtue of a chattel mortgage executed by John Henry Vaughn on the 5th day of January, 1939, to Mrs. Claud McNutt, and by her sold to the plaintiff on the 1st day of July, 1939. In count A of the amended complaint it is alleged in substance that John Henry Vaughn executed a mortgage to Mrs. Claud McNutt, on the 5th day of January, 1939, by which he conveyed to the said Mrs. McNutt his entire crop, or produce and all rents accruing to the makers of said mortgage, and that the said Mrs. McNutt on the first day of July, 1939, transferred this instrument to the plaintiff, and that the bale of cotton involved in this suit was a part of the crop, or produce, covered by said mortgage, and that defendant took possession of said bale of cotton, and disposed of same, placing the same beyond reach of the plaintiff, and destroying his mortgage lien thereof. It appears to us that count A of the amended complaint does not introduce another sub-ject of controversy from that mentioned and described in the original complaint. The subject matter of both the original and amended complaint was one bale of cotton alleged to be subject to the provisions of the same instrument described in the original complaint and in count A of the amended complaint. In other words, count A of the amended complaint simply sets out the same subject matter as described in the original complaint, but differently alleged to meet the scope and phases of the evidence to be introduced upon the trial. It follows, therefore, that inasmuch as the amended complaint did not set up a new cause of action it related back to the commencement of the suit, and the running of the statute of limitations against the claim was arrested at the time of the bringing of the original suit. Haynes v. Phillips, 211 Ala.. 37, 99 So. 356-358. The trial court did not err, therefore, in overruling the demurrer interposed to the amended complaint by the defendant Porter Snead. Byrd v. Hickman, 167 Ala. 351, 52 So. 426.

It appears from each count of the complaint that the suit in the court below was founded upon the mortgage note executed by John Henry Vaughn to Mrs. Claud McNutt on January 5, 1939. John Henry Vaughn, one of the makers of said instrument, was a defendant to said suit. Section 7663 of the Code 1923, Code 1940, Tit. 7, § 375, provides in substance that every written instrument, the foundation of a law suit, purporting to be signed by the defendant, his partner, agent, or attorney in fact, must be received in evidence without proof of its execution unless the execution thereof is denied by sworn plea. No sworn plea was filed by defendants, or either of them, denying the execution of the instrument sued upon. During the progress of the trial, Mr. Claud McNutt, husband of Mrs. Claud McNutt, the payee named in said instrument, on his examination as a witness for the plaintiff, was asked if he was present when John Henry Vaughn signed said instrument. The defendant, Porter Snead, objected to said question and the trial court overruled the objection, to which action defendant excepted.

The plaintiff offered in evidence also, said mortgage note. Same defendant objected to the introduction of said mortgage note in evidence, and the trial court over-

ruled said objection, and exception reserved.

It is insisted by appellant, under his fourth assignment of error, that the court erred in permitting the above noted question to be propounded to McNutt, and it is also insisted under appellant's fifth assignment that the court erred in permitting said mortgage note to be admitted in evidence.

 . In view of the provisions of above cited Code, section 7663, and in the absence of a sworn plea attacking the execution of said mortgage note, it is the opinion and judgment of this court that no error prevailed in either of the rulings, supra.

It is next insisted, that the trial court erred in rendering judgment in favor of the plaintiff, and against the defendant.

 There was evidence adduced upon the trial tending to show that before he bought the cotton, defendant Snead was informed that said cotton belonged to John Henry Vaughn, defendant, and that the entire price for said bale of cotton was paid to said John Henry Vaughn. It is without dispute, and the evidence conclusively shows, that after defendant Snead purchased the bale of cotton in question he sold same in Rome, Georgia. If this was true the plaintiff's mortgage lien upon said bale of cotton was destroyed by Snead, the defendant. There was evidence tending to show that the bale of cotton weighed 504 pounds, and that the purchase price paid therefor was around 9¢ per pound. After the introduction of all the evidence the court, as stated, rendered judgment in favor of plaintiff and against defendant Snead, for the sum of $40. There was ample testimony to sustain the judgment, and for this reason the trial court may not be put in error for rendering said judgment.

We find no error upon the trial of this case below of which appellant can justly complain. The judgment appealed from will stand affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Snead v. Stephens, 242 Ala. 76, 7 Div. 683, 5 So.2d 740.