# Rand v. Gibson.

### *Statutory Action of Detinue.*

1. *Venue of detinue suit.*—Under the provision of the statute (Code, § 2640) that personal actions not on contract may be brought in the county of defendant's residence, or in the county in which the act or omission complained of may have been done, or may have occurred, the statutory action of detinue may be instituted in any county where the property sued for is found in the hands of the party against whom the suit is brought, whether that is the county of his residence or not.

2. *Amendment of complaint in detinue suit; when must be allowed.*— Under the statute (Code, § 2833) requiring the court, while the cause is in progress, to permit an amendment of the complaint by adding new parties plaintiff, or by striking out or adding new parties defendant, the court is not justified in disallowing an amendment, proposed while the cause is in progress, by adding new parties defendant to the complaint in a statutory action of detinue, where it does not appear that the parties proposed to be added as defendants were not jointly liable with the defendant at the commencement of the suit.

3. *Evidence as to ownership, on trial of issue as to value of goods, in statutory detinue suit.*—Where the property involved in a statutory detinue suit was in the possession of the plaintiff, under a bond given pursuant to the provisions of the statute (Code, § 2718), on the trial of the issue as to the value of the property, it was not competent for the plaintiff to prove that the defendant was not, but that his wife was, the owner of the property.

4. *Judgment in detinue suit; not rendered against sureties on bond.*— Where the plaintiff in a statutory action of detinue is unsuccessful,

it is not not proper to render judgment againt the sureties on the
detinue bond given by him; that not being the proper practice under
the provision of the statute (Code, § 2731) applicable in such case.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. THOMAS R. ROULHAC.

This was a statutory action of detinue, instituted by
the appellant, Edgar Rand, against the appellee, James
S. Gibson, in the circuit court of Colbert county, to re-
cover possession of thirteen bales of cotton. The plain-
tiff made the affidavit and bond as required by the
statute, and had the sheriff to seize the cotton.
Subsequently, the defendant having failed to make bond
for delivery of the property, within the time allowed by
law, the property was delivered to the plaintiff, on his mak-
ing bond, as provided by the statute in such case. The de-
fendant filed a plea in abatement, alleging that he was,
at the time the suit was instituted, a resident citizen of
Lawrence county, Ala., and had a permanent place of
residence therein. The plaintiff filed three replications,
which are as follows : (1)  The action in this suit is
not in contract and does not come under the influence of
section 2640 of the Code of Alaabama.   (2)   That at
the time this suit was instituted the defendant was in
Colbert county, and had the property sued for in his
possession, and was unlawfully withholding it from the
plaintiff, and was taking it out of the state to dispose of it,
and the only way the plaintiff had to protect himself was
by action of detinue under the statute.   (3)   That the
action in this case is not on a contract, but is an action
*ex delicto* for the wrongful detention of plaintiff's prop-
erty, which the defendant had possession of in Colbert
county, and was unlawfully withholding from the plain-
tiff at the time the suit was instituted.   The defendant
demurred to the plaintiff's replication, in the following
words : ''First, That said replication is no answer to
said plea, and presents no material issue which can be
traversed.   Second, That said replication presents no
fact upon which a material issue could be joined and
tried.''  The court sustained said demurrers.  The plain-
tiff then filed additional replications to the plea in abate-
ment, alleging: ''First, That at the time the suit was
instituted the defendant was in Colbert county, and on
his way out of the State, and going into the State of

[Rand v. Gibson.]

Tennessee. Second, That at the time this suit was instituted the defendant had left the county of Lawrence, and was making his way into the State of Tennessee, and carrying with him the thirteen bales of cotton sued for, and that at said time defendant was insolvent, and that if plaintiff had not instiued this suit in detinue the property would have been carried out of the State of Alabama.'' The defendant then moved the court to strike said additional replications from the file. The court sustained this motion, and struck said replications from the file, to which ruling the plaintiff duly excepted. The defendant proved his residence to be in Lawrence county. Plaintiff offered to prove that at the time the suit was instituted defendant was in Colbert county with the cotton, and was on his way to Memphis, Tenn.; but the court, on the objection of defendant, refused to allow the proof to be made, and plaintiff excepted. The court then sustained the plea in abatement, and rendered judgment for the defendant, to which ruling the plaintiff excepted. The plaintiff appeals, and assigns as errors the several rulings of the trial court stated above.

KIRK & ALMON, for appellant.

No counsel appeared for appellee.

HARALSON, J.—The venue of suits in this State is regulated by Section 2640 of the Code, which covers all classes of suits, therein so plainly specified, as scarcely to admit of mistake in their institution. The first class embraces all actions on contracts, which must be instituted in the county in which the defendant, or one of the defendants, resides; the second, all other personal actions, if the defendant or one of the defendants has within the State a permanent residence, which may be brought in the county of such personal residence, or in the county in which the act or omission complained of may have been done, or may have occurred; and the third, for the recovery of land, or of the possession thereof, or for a trespass thereto, which must be brought in the county where the land lies; and a summons issuing contrary to the provisions of the section is required to be abated on the plea of the defendant. In this sec-

ond class the action of detinue is included, and it may be instituted in any county where the property sued for is found in the hands of the party against whom the suit is brought, away from the county of his residence. A plea in abatement, that he has a permanent residence in another county, is no answer to the suit. The replication of the plaintiff in this case to the defendant's plea in abatement, setting up his residence in Lawrence county, were well pleaded, and the demurrers to them should have been overruled.

The Code, Section 2833, requires that the court, while the cause is in progress, on motion of the party, "must permit an amendment of the complaint by adding new parties plaintiff, or by striking out or adding new parties defendant, upon such terms and conditions as the justice of the case may require." The plaintiff moved the court, while the cause was in progress, to amend his complaint by adding the names of the Memphis & Charleston Railroad Company and Jesse Moody as parties defendant. The court asked if they had any claim to the property sued for, other than as bailees or carriers, and being informed that they did not, refused to allow them to be made parties. So far as was made known, the court was not justified in disallowing the proposed amendment. It does not appear that the parties proposed to be added as defendants were not jointly liable with the defendant, at the commencement of the suit.—*Burns v. Campbell*, 71 Ala. 272; *Graham v. Meyers*, 74 Ala. 432.

The excluded evidence was pertinent and admissible to support the replications, if they had been allowed, as they ought to have been. When hereafter allowed, the same rulings will not be made in the rejection of this evidence, and it is, therefore, unnecessary to pass on the rulings excluding it.

The cause was tried by the court without the intervention of a jury, at a non-jury term. After the plea in abatement had been sustained, the court proceeded to ascertain the value of the thirteen bales of cotton, which were in the possession of the plaintiff under bond executed by him under and according to the provisions of Section 2718 of the Code, together with damages for its detention, and rendered judgment against the plaintiff and the sureties on his detinue bond, for the amount so

ascertained.   On the trial of this issue, as to the value
of the cotton, the plaintiff proposed to prove that de-
fendant was not, but that his wife was, the owner of the
cotton.. This, the court properly declined to to allow
him to do.  We have ventured this last expression in
view of another trial, if it shall be had; and, for the
same purpose, will add, that in rendering a judgment in
such a proceeding, it is not proper to render it against
the sureties on  the detinue bond.   The act of February
28th, 1887, (Acts 1886–7, p. 131, Code p. 603), and Sec-
tion 2721 of the Code, point out very plainly the proper
practice in such cases.

    Reversed and remanded.