# Gossett, *et al. v.* Morrow.

### *Detinue.*

(Decided June 4, 1914. 65 South. 826.)

1. *Detinue; Nature of Remedy.*—Detinue is an action ex delicto and not ex contractu, the gist of the action being wrongful detention; hence, it will lie against one or more in possession at the time the suit was commenced.

2. *Same; Parties; Dismissal.*—The action being ex delicto, a discontinuance or dismissal as to the one of several defendants will not discontinue the entire action.

3. *Appeal and Error; Exceptions; Sufficiency; Oral Charge.*—Exceptions to parts of the oral charge of the court must be taken with respect to the language of the court, and a bill of exception which merely shows that exception was "reserved to the oral charge of the court with reference to title passing, in case, etc.," and to the courts "charging the jury to count interest under those notes" was insufficient to preserve any particular part of the charge for review.

4. *Evidence; Parol; Description.*—Parol evidence is admissible to show that a particular article is included in the general words of a description in a mortgage.

5. *Same; Opinion Evidence; Value.*—In detinue to recover machinery a witness was properly allowed to give his opinion of the value of the property, and of the hire and use thereof, it affirmatively appearing that he was sufficiently experienced thereto; its weight, however, was for the jury. ·

6. *Partnership; Action by or Against; Jury Question.*—Under the evidence in this case the question whether the property sued for was at the time of the execution of the mortgage owned by the individual mortgagor or by a partnership of which he was a member, was properly submitted to the jury.

7. *Mortgage; Lien and Priority.*—A partnership receiving personalty from a member thereof with notice of an outstanding mortgage took the property subject to the mortgage.

APPEAL from Blount Circuit Court.

Heard before Hon. W. W. HARALSON.

Detinue by Mrs. C. M. Morrow against Frank Gossett and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The following were the charges refused to defendants :

1. If any one else is interested in the property, then Mrs. Morrow cannot recover.

7. If defendants in this case were not in the possession of the property sued for when this suit was brought, then your verdict must be for defendants.

The following charges were given for plaintiff :

1. If the jury are reasonably satisfied from the evidence in this case that plaintiff sold certain parts of the property sued for in this action to J. E. Brown, and the said Brown never sold same to J. L. Addington, or put same into the alleged partnership of the A. & B. Mercantile Company, then your verdict must be for plaintiff, for this part of the property.

2. It is not necessary in this case for the plaintiff to recover that she show that there was no such partnership existing at the time plaintiff sold the said prop-

[Gossett, et al. v. Morrow.]

erty as the A. & B. Mercantile Company; it is only necessary that the jury should find from the evidence that the A. & B. Mercantile Company never acquired any title to the property sued for in this action.

3. If the jury believe from the evidence in this case that Brown purchased the property sued for in this action, or any part thereof, in his own name, and not for the alleged partnership of the A. & B. Mercantile Company, and never sold said property to said alleged partnership, or put it in said alleged partnership as his part of the assets of said partnership, then plaintiff would be entitled to recover such part of said property as was purchased by said Brown from plaintiff, although you may believe from the evidence that there was a partnership existing at the time between Addington and Brown, and known as the A. & B. Mercantile Company.

Charge 14 refused to defendants is as follows:

I charge you that, if you believe from the evidence that the property in controversy was the property of the A. & B. Mercantile Company at the time of the sale to E. A. Morris, then you must find for defendants.

ALLEN & BELL, for appellant. The court erred in rendering judgment against Elliott.—8 Port. 575, and authorities cited. Where two parties are jointly sued, and the evidence shows a liability on the part of one of them only there is a variance between the pleading and the proof fatal to recovery against either.—*A. C. L. Ry. Co. v. Dahlberg*, 170 Ala. 619; *Smythe v. Dothan*, 166 Ala. 253; *Lord v. Calhoun*, 162 Ala. 444; *Richmond v. L. & N.*, 154 Ala. 311. On these authorities charge 9 should have been given. The burden is on plaintiff to show the possession of defendant at the date of the bringing of the suit, and this burden is not carried as to defendant Elliott.—*Gilbreath v. Jones*, 66 Ala. 129; *Berlin M.*

[Gossett, et al. v. Morrow.]

*Wks. v. Ala. City Co.,* 112 Ala. 488; *Downs v. Bailey,* 135 Ala. 329; *Beale v. McKee,* 150 Ala. 417. No demand was ever made for this property by plaintiff upon defendant, and the court was in error in its charge as to the value of the hire and use thereof.—*Daniels v. Jordan,* 40 South. 940; *Jesse-French v. Bradley,* 138 Ala. 177; *Gardner v. Boothe,* 31 Ala. 186. The court erred in its admission of evidence as to value.—Wigmore, § 711; *Winter v. Burt,* 31 Ala. 37. There is no such thing as a verbal mortgage, and the court erred in its oral charge relative thereto.—*Barnhill v. Howard,* 104 Ala. 412; *Drake v. Scott,* 136 Ala. 261. There was a discontinuance by plaintiff's elimination of defendant Glenn. —*Jones v. Engelhart,* 78 Ala. 506; *Torrey v. Forbes,* 94 Ala. 135. The written charges given for plaintiff were clearly erroneous. The court erred in refusing to give charge 14 for defendant.—*Morris v. Brown,* 58 South. 910.

O. A. STEELE and WARD & WEAVER, for appellee. Appellant's criticism of the court's action in admitting testimony as to the value of the property is fully answered by § 3960, Code 1907. Counsel discuss other assignments of error, but cite no authority.

McCLELLAN, J.—Detinue, by appellee against appellants, to recover saw and planer mill machinery, etc. As originally instituted, the action was against Frank Gossett and E. M. Glenn. By amendment, G. L. Elliott was made a party defendant. Next, the plaintiff took "a nonsuit as to the defendant E. M. Glenn," and the court dismissed the cause as far as E. M. Glenn was concerned; judgment for his cost being rendered. There was, in substance, plea of the general issue by the remaining defendants Gossett and Elliott; and the cause

proceeded to verdict and judgment against them.  There was evidence, notably by the witness Frank Gossett, that he was in possession of the machinery in suit at the time the action was commenced.  Hence neither the general charge for the defendants nor special charge numbered 7, both refused to defendants, could have been properly given on the theory that there was no evidence tending to show the possession of defendants at the commencement of the suit.  Detinue is an action ex delicto.  It is not ex contractu.  While the plaintiff's right it would assert may arise out of a contract, it is not an action on the contract.  The gist of the action is wrongful detention.  It will only lie against one, or more than one, in possession at the time suit commenced.  A recovery in detinue, if the right thereto is established, may be had against some only of the defendants to the action.

Detinue being an action ex delicto, a discontinuance or dismissal as to one of several defendants will not discontinue the entire action.—*Strickland v. Wedgeworth,* 154 Ala. 654, 45 South. 653.

Furthermore, the evidence is without dispute that Glenn was not in possession of the machinery sued for at the time the suit was commenced.  There was, also, evidence tending to show that Elliott was in possession, it may have been with Gossett, at the time the suit was commenced, whether as agent or employee of Gossett is not material in this connection.

Moreover, no question appears to have been raised in the trial as to the asserted discontinuance because of the dismissal of the action against Glenn.

There is argument in brief for appellants that is not based on proper, serviceable exceptions shown by this bill of exceptions.  Under the heading of proposition "three," it is insisted that the court erred, in its oral

charge, in respect of damages recoverable for the hire or use of the property. There is no exception reserved as to this matter. Indeed, the only attempt to reserve exception to any parts of the oral charge of the court is in these words:

"The defendant reserved an exception to the court's oral charge with reference to title passing in case Brown agreed to give mortgage for the purchase money and send it back to plaintiff."

And this:

"The defendant reserved an exception to the court's charging the jury to count interest under those notes."

It is manifest that neither of these efforts sufficed to reserve any particular matter or action for review. Exceptions to parts of the oral charge of a court must be taken with respect to the language of the court. Otherwise, as here appears, what was intended to be excepted to would very often be clouded in doubt. An exception to a subject only, treated in an oral charge, is too indefinite and uncertain to present any question for review. Accordingly, the matter of propositions 5 and 10 of the briefs, as well as that numbered 3, are not supported by properly reserved exceptions so as to justify review.

The court properly admitted in evidence the mortgage of E. Brown to Mrs. Morrow. Its execution was fully proven. The agreement of counsel, shown by the bill of exceptions, was that the secondary evidence thereof afforded by the record of the mortgage in the probate office of Blount county should be received in evidence without having to prove the loss of the original. The description of the property purported to be covered by the mortgage was not as definite as to the property's location as it might have been; yet the description is not so insufficient as to render the instrument absolutely void, as was the defendants' contention.—*Stickney*

[Gossett, et al. v. Morrow.]

*v. Dunaway & Lambert,* 169 Ala. 464, and cases therein first cited on page 467, 53 South. 770; Jones on Chat. Mort. §§ 53, 54. A different inquiry is, of course, presented when the question of notice to purchasers, as the consequence of registration, is involved.—*Stickney v. Dunaway & Lambert, supra.* Parol evidence is admissible to show that a particular article is included in the general words of a description. The parol evidence, properly admitted, tended to show that the property in suit was that described in the mortgage.

There was no error in allowing J. E. Brown to give in evidence his opinion of the value of items of this property and of the value of the hire or use thereof.—Code, § 3960. The witness was affirmatively shown to be sufficiently experienced and informed to form an opinion in the premises. The weight or credit to be given his testimony in this respect was, of course, for the jury. The facts in *Winter v. Burt,* 31 Ala. 33, readily distinguish that case from this, in the particular under consideration.

The report of the appeal in the litigation between J. E. Brown and E. A. Morris and S. M. Allgood (*Morris et al. v. Brown,* 177 Ala. 389, 58 South. 910) will cast a side light on this litigation between different litigants. Of course, the conclusions of fact there announced are not effective here.

Plaintiff claimed to be entitled to recover the property sued for in virtue of the mortgage executed to her by J. E. Brown. The theory of the defense was that the purchaser from Mrs. Morrow was the mercantile firm, composed of J. L. Addington and J. E. Brown, called the A. & B. Mercantile Company, and not J. E. Brown, alone, to whom, alone, plaintiff asserted the sale was made; and that the defendant's predecessor in possession and asserted right, E. A. Morris, purchased from

that firm through J. L. Addington. If in fact the firm did not exist, or if the sale was not made to the firm by Mrs. Morrow and (assuming the existence of the firm at the time Mrs. Morrow parted with the property) if Brown, alone, did purchase from Mrs. Morrow, but did not put the property into the partnership before the mortgage was executed by him, manifestly Morris in fact took no title, for the source to which he and his predecessors would ascribe his title had none to transmit to him. The bill of sale to Morris, by the A. & B. Mercantile Company, bears date December 21, 1907. The mortgage by Brown to Mrs. Morrow was recorded March 21, 1908. The undisputed evidence is that Gossett and Glenn bought from Morris after the recording of the mortgage in Blount county; Gossett and Glenn stating the time of their purchase from E. A. Morris as September, 1908, and E. A. Morris stating it as being "a short time after" the date of a receipt referred to in the evidence, which was April 7, 1908. There is nothing in the evidence tending to show that J. E. Brown invited Morris to purchase, or ratified his asserted purchase, from the Mercantile Company. It is contended in brief that under phases of the evidence it was open to be found by the jury that J. E. Brown affirmatively approved or ratified the sale of Morris to Gossett and Glenn. If those phases of the evidence should be fully accepted it is manifest that no act or word of Brown's in respect of the Gossett-Glenn dealing could affect or prejudice the rights of Mrs. Morrow under the then recorded mortgage. So, the argument for the application of the doctrine indicated to the support of the passage of title to Gossett and Glenn from Morris is without merit.

Our conclusion is that, on the facts in evidence, the court did not err in giving, at the plaintiff's request, special charges 1, 2, and 3.

The mortgage to Mrs. Morrow bears date September 26, 1907. It was recorded March 21, 1908. There is evidence to the effect that the agreement for sale to J. E. Brown was made in August, 1907; that Brown was to pay $600 for the machinery, $100 cash, and the balance in five equal annual installments; that the cash payment was made through check of the Mercantile Company, it being made out by Brown; that notes and a mortgage to secure, by the company to Mrs. Morrow, were sent her, but she declined them on the ground that she had made sale to Brown, not the company; that later, it does not appear with certainty on what date, Brown signed the mortgage in question and dated it back with the view to conforming it to the date of the cash payment so that plaintiff's dues for interest would not be sacrificed by the delay. There is evidence tending to show that the mortgage to Mrs. Morrow was outstanding prior to the purchase by Morris from the Mercantile Company and after notice thereof had been given Morris and Addington. In this state of the evidence, charge 14 (Rec. p. 67), set out in brief under proposition 8, was misleading and was properly refused defendants. It would have cast the result against the plaintiff, notwithstanding the outstanding mortgage (if so found as of fact by the jury) to Mrs. Morrow upon the decision of the single issue whether the company was the owner of the property at the time of the sale to Morris. If, as the jury might have found, the property was passed by Brown to the firm after the mortgage was executed to Mrs. Morrow by him, and with full notice thereof to J. L. Addington, then certainly the single matter hypothesized could not extinguished the plaintiff's rights under the mortgage, the law day of which had not then come.

[Smoot v. Ryan.]

Every exception properly reserved and assigned and argued for error has been considered. No reversible er ror appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.