# Cooper v. Lake Wood Company.

### Assumpsit.

(Decided April 26, 1917.   75 South. 307.)

1. Courts; Service on Foreign Defendant Coming into State.—While a resident of another state cannot validly be served in such other state with process of a court of this state, he is suable, on coming into this state, if the court has jurisdiction of the subject-matter.

2. Courts; By Answering Without Objection to Jurisdiction.—Where defendant pleads a plea not going to the irregularity or invalidity of the process, the question of territorial jurisdiction or venue is thereby waived.

3. Appeal and Error; Presumptions; Waiver by Answer of Objection to Jurisdiction.—Where appellant claimed that jurisdiction over him was never acquired by the trial court, and the bill of exceptions stated merely that appellant did "file a plea,". but the nature of the plea was not shown, it is presumed, in support of the ruling of the trial court, that appellant filed a plea on the merits in advance of his plea to the jurisdiction.

[Cooper v. Lake Wood Company.]

**4. Pleading; Replication; Waiver.**—Although appellant's waiver by answer of his claim of lack of jurisdiction over him should properly be set up in replication to his plea to the jurisdiction, yet where such issue of waiver is litigated in the trial court and found against him, the judgment will be affirmed.

APPEAL from Choctaw Circuit Court.

Heard before Hon. BEN D. TURNER.

Action by the Lake Wood Company against W. P. Cooper. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from the Court of Appeals under Acts 1911, p. 450.

GAVIN & GARNER for appellant.     T. J. HOLLIS for appellee.

SAYRE, J.—Appellee, plaintiff in the court below, answered appellant's plea to the jurisdiction, in which appellant alleged that he resided in the state of Mississippi, and had not been served with process in this state, by exhibiting to the court the return indorsed upon the summons by the sheriff of Choctaw county in this state, and purporting to show its due execution, and by testimony tending to show that prior to the filing of the plea to the jurisdiction appellant had filed a different plea in the cause.

(1, 2) If the sheriff of Choctaw county executed the summons on appellant in the State of Mississippi, as appellant contends, the service was a nullity of course; but the court had jurisdiction of the subject-matter of the suit, appellant was suable in this state upon coming into it (*Jefferson County Savings Bank v. Carland,* 195 Ala. 279, 71 South. 126), and if he went into court and pleaded a plea that did not go to the irregularity or invalidity of the process (*Oliver v. Kinney,* 173 Ala. 593, 56 South. 203), he thereby waived the question of territorial jurisdiction or venue, and must abide the result of the litigation to which he made himself a voluntary party (*Woolf v. McGaugh,* 175 Ala. 299, 57 South. 754).

(3) The statement of the bill of exceptions is simply that appellant did "file a plea." The nature of the plea is not disclosed. It is not shown by the record, nor does the bill purport to set out all the evidence. It has been repeatedly ruled that in such case this court will presume any state of the evidence which will sustain the ruling of the trial court.—*Baker v. Patterson,*

[Radney v. Town of Ashland.]

171 Ala. 88, 55 South. 135. We are authorized, therefore, to assume that the plea itself or evidence of its contents in the court below fully warranted the conclusion that appellant had filed a plea to the merits in advance of his plea to the jurisdiction.

(4) Appellant's waiver of the matter set up in his plea to the jurisdiction—it was, as we have indicated, a matter that might be waived (*Woolf v. McGaugh, supra*)—should properly have been brought forward by replication to the plea; but it appears that the question of waiver was litigated in the court below, and the judgment must be affirmed on the ground that the issue as to waiver was found against the appellant.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.