(87 South. 323)

RICH et al. v. BREWER.    (3 Div. 496.)

(Supreme Court of Alabama.    Jan. 20, 1921. Rehearing Denied Feb. 12, 1921.)

Venue ⬤17—Question of venue does not go to the merits, and must be raised by plea and not by instruction to jury.

In view of Code 1907, §§ 6110, 2504, in action in M. county for wrongful death against R., B., J., and V., it was error to give instructions that if neither R. nor B. are liable the jury could not find a verdict against V., that if there was no conspiracy or agreement among defendants to kill plaintiff's intestate a verdict could not be found against V., and that if V. resided in L. county, and so resided when suit was commenced, and the killing occurred in L. county, and neither R. nor B. was liable therefor, then a verdict could not be found against V.; for the question of venue is a defense in abatement and not in bar of the action, and is not available by charges unless specially pleaded, and then the verdict should respond to such plea and not to the merits of the case.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Maude W. Brewer, as administratrix of the estate of Willis Brewer, deceased, against A. D. Rich and others for damages for the death of her husband. There was judgment for the defendants which on motion of the plaintiff was set aside and new trial granted, from which order defendants appealed. Affirmed.

The action was for the wrongful death of Willis Brewer by wrongfully shooting him with a gun. The defendants were A. D. Rich, Joe Baltzer, Jack James, and Charley Varner. Varner interposed a plea to the jurisdiction, setting up that he was a resident of Lowndes county and that the killing took place in Lowndes county. The following charges were given for the defendants on the original trial of the case:

(1) If the jury find from the evidence in this case that neither of the defendants Rich and Baltzer are liable to the plaintiff, then they cannot find a verdict against said Varner.

(2) If the jury believe from the evidence in this case that there was no conspiracy or agreement among the defendants to kill Brewer, then the jury cannot find a verdict against Varner.

(12) If the jury believe from the evidence that the defendant Varner resides in Lowndes county, Ala., and so resided when this suit was commenced, and that said Brewer was killed in said Lowndes county, and that neither the defendant Rich nor defendant Baltzer is liable to plaintiff, then they cannot find a verdict against the defendant Varner.

C. P. McIntyre and Ball & Beckwith, all of Montgomery, for appellants.

If the suit had been filed against Varner alone, it could not be maintained in Mont-

gomery county, and unless one of the Montgomery county defendants was jointly liable with Varner there could be no verdict against him, and the plea of venue should have been sustained. Section 6110, Code 1907; 72 Ala. 344; 137 Ala. 175, 34 South. 841; 110 Ala. 395, 20 South. 300; 192 Ala. 150, 68 South. 303. A party to a suit cannot complain of an error committed at his instance and solicitation. 176 Ala. 354, 58 South. 381; 77 Ala. 157; 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241.

W. A. Gunter, W. P. McGaugh, and Ludlow Elmore, all of Montgomery, for appellee.

The court properly set aside the verdict for errors committed on the trial. 147 Ala. 613, 41 South. 663; 249 U. S. 379, 39 Sup. Ct. 337, 63 L. Ed. 656; 159 Ala. 310, 49 South. 310; 101 Ala. 663, 15 South. 244; 126 Ala. 95, 27 South. 760.

ANDERSON, C. J. This action was for the wrongful killing of the plaintiff's intestate, which occurred in Lowndes county, against several defendants, and could have been properly brought in said Lowndes county or any other county in the state where either of said defendants had a permanent residence. Section 6110 of the Code of 1907. The trial court in the case at bar, by giving, at the request of the defendants, charges (which we number) 1, 2, and 12, seems to have proceeded upon the theory that plaintiff could not recover against defendant Varner, who resided in Lowndes county, if his codefendants, or one of them, who resided in Montgomery county, were in no wise liable or responsible for the wrongful death of the intestate. The question of venue is a defense in abatement and not in bar of the action, and is not available by charges unless specially pleaded, and then the verdict should respond to such a plea and not to the merits of the case. The trial court, having erroneously given the foregoing charges, properly granted the motion for a new trial.

It is suggested in the brief of counsel for appellant that Varner interposed special pleas as to the venue of the action against him and to which the court erroneously sustained a demurrer, and he could therefore only raise the question by charges. In the first place, if the court erred in holding these pleas bad, we do not justify the giving of these charges as a substitute for said pleas, and in probably producing a verdict for Varner on the merits, simply because his codefendants may not have been liable under the evidence, and notwithstanding he (Varner) may have been guilty of the wrongful act. Moreover, we are not prepared to say that the pleas of Varner as to venue were open to him so long as the Montgomery county defendants, or any one of them, remained in the case. Eagle Iron Works v. Baugh, 147 Ala. 613, 41 South. 663. Section 6110 of the Code was so construed as section 4205 of the Code of 1896 and was brought forward to the present Code without change. Section 2504 of the Code of 1907 authorizes a recovery against one or more defendants jointly sued, but makes the plaintiff liable for cost to those against whom he does not obtain a judgment.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.