(110 So. 597)

### ASHLEY v. HILL. (7 Div. 241.)

(Court of Appeals of Alabama. Oct. 26, 1926. Opinion Extended and Rehearing Denied Nov. 23, 1926.)

**1. Action ⚖➡48(1).**

Count in detinue, claiming personal property based on mortgage note, reserving title to property, and count in assumpsit on the note, may be joined under Code 1923, § 9467.

**2. Trial ⚖➡330(4).**

Count in detinue, based on mortgage note reserving title, on suggestion of ascertainment of amount due, became proceeding under Code 1923, § 7400, based on note, and verdict finding $75 due under this count and $118.50 due under count in assumpsit on the note is self-contradictory.

**3. Chattel mortgages ⚖➡290.**

If chattel mortgage note provides for attorney's fees under conditions named therein which exist at time of suit, on suggestion under Code 1923, § 7400, fees may be proven as part of amount due.

**4. Trial ⚖➡330(4).**

Issues in detinue, based on mortgage note, reserving title on suggestion of amount due under Code 1923, § 7400, and issues in assumpsit on the note, should be determined separately by jury.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 378.

**5. Appeal and error ⚖⟹1070(1).**

That jury in detinue found that amount of debt was greater than value of property sued for *held* not ground for reversal, since court was then required to render judgment for the property only.

**6. Witnesses ⚖⟹275(6).**

Question asked plaintiff on cross-examination as to why he was holding the note sued on, referring to other parties and not to defendant, *held* properly excluded, irrelevant, and immaterial.

**7. Detinue ⚖⟹23.**

Instruction that indebtedness to plaintiff would not permit "plaintiff a recovery in detinue" *held* properly refused as misleading.

**8. Trial ⚖⟹143.**

Affirmative charges are properly refused, where evidence is conflicting.

### On Rehearing.

**9. Costs ⚖⟹260(1)—Statute providing 10 per cent. penalty on affirmance of judgment does not apply to judgment reversed and rendered, or substantially corrected and affirmed (Code 1923, § 6153).**

Code 1923, § 6153, providing for 10 per cent. additional damages on affirmance of money judgment by appellate court, does not apply, either where judgment is reversed and rendered, or where it is substantially corrected and affirmed.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action with counts in detinue and in assumpsit, brought by M. L. Hill against W. J. Ashley. Judgment for plaintiff, and defendant appeals. Corrected, and, as corrected, affirmed.

Charge 1, refused to defendant, is as follows:

"The fact that defendant may be indebted to the plaintiff will not permit the plaintiff to recover in detinue."

Hugh Reed, of Center, for appellant.

Counsel argue for error in the judgment and cite Peters v. Nolen, 3 Ala. App. 641, 57 So. 398; Hendley v. Chabert, 189 Ala. 258, 65 So. 993.

E. O. McCord & Son, of Gadsden, for appellee.

Counsel discuss the questions raised, but without citing authorities.

SAMFORD, J. [1] The first count of the complaint was in detinue, and claimed certain personal property based upon a mortgage note reserving title to the property sued for until the entire purchase money was paid, and the second count declared on the promise to pay as set out in the note. This is authorized under section 9467 of the Code of 1923, providing for the joining of actions ex delicto and ex contractu in the same suit, where the causes of action arise out of the same transaction or relate to the same subject-matter. In such cases the issue may be determined separately by the jury, and the court shall thereupon render a proper judgment.

[2] In this case the defendant, acting under authority of section 7400 of the Code of 1923, for answer to the first count of the complaint suggested that the count was on a conditional sale, and upon such suggestion the jury was required to ascertain the amount due. The verdict of the jury found for the plaintiff for the property sued for, assessed its value at $75, and ascertained the amount due on the mortgage at $98.50. The jury also found for the plaintiff on the second count, and assessed damages under this count at $118.50. It thereupon became the duty of the court to render the "proper judgment," which it attempted to do by giving judgment for the property sued for under the verdict responding to the first count, and ignoring that part of the verdict ascertaining the amount due on the mortgage. Further proceeding with the judgment, the court rendered judgment for plaintiff on the verdict responding to the second count, in the sum of $118.50. When the defendant suggested the ascertainment of the amount due on the note, count 1 of the complaint thereby was changed from a simple suit for the possession of chattels in specie, to a proceeding under section 7400 of the Code of 1923, based upon the mortgage note, which also was the basis of the claim under count 2. Whatever was due on the mortgage note was as legally ascertained under the suggestion under count 1 as it could be under count 2, even if the suit had been brought on the debt as secured by the note. The same claim was made, and the same evidence adduced, as to both counts. Therefore a verdict ascertaining the amount due on the note under count 1 should have been the same amount for which damages were found under count 2. The verdict is self-contradictory.

[3] If the instrument evidencing the title to chattels provides for the payment of attorney's fees, under certain conditions named therein, and the facts show that those conditions existed at the time of bringing suit, such attorney's fees became a part of the amount due on the note, and, on the suggestion provided for under section 7400 of the Code of 1923, may be proven as a part of the amount due.

[4] The claim under both counts of the complaint arose out of the same transaction or related to the same subject-matter; the counts therefore were properly joined under section 9467 of the Code of 1923; the issues as to each count should be determined separately by the jury. Where this is done, the

---

court must enter a proper judgment protecting both parties.

Under the first count, if the debt due and ascertained had been less than the value of the property sued for as assessed by the jury, then the judgment on that count should have been for the property sued for, or if that was not to be had, then for the amount of the debt as ascertained by the jury. The judgment in such a case would also provide that a payment of the amount assessed together with the costs would satisfy the judgment. Code 1923, § 7400. But such is not the case here. The amount of the debt as assessed by the jury was greater than the value of the property sued for as fixed by the jury; hence, in rendering judgment on the verdict responding to the first count, the court could go no further than render judgment for the property and adjudge its value. Proceeding on the verdict responding to the second count, the court rendered judgment for $118.50 damages assessed by the jury, together with costs, and ordered execution to issue. Upon these judgments as they now stand on the record, plaintiff might have a writ of distringas for the property sued for and an execution for $118.50, the one not being dependent upon the other; whereas the court, under section 9467 of the Code of 1923 should have rendered such judgment as would have protected the parties. If, after judgment, the plaintiff repossessed the property, he would be bound by the value fixed by the jury, and the judgment under the second count would be reduced by that amount. This at his election. If, on the other hand, the judgment for $118.50 together with all costs, is paid, either by the defendant voluntarily or by reason of execution issued, then the debt is paid, and the property must become that of defendant.

[5] It is true that there is a conflict between the amount assessed by the jury under the first and second counts, in that the amount of the debt ascertained under the first count is $98, while the damages assessed under the second count is fixed at $118.50. This, however, cannot be ground for reversal, because, when the jury arrived at the conclusion that the amount of the debt was greater than the value of the property sued for, the court could not proceed to a judgment under that count for the alternate value of the property, but ex necessitate, must render judgment for the property only, and the verdict under the second count became the basis for the judgment for damages and cost of suit and execution.

[6] The question asked plaintiff on cross-examination, as to why he was holding the note, referred to other parties and not to defendant. The question was irrelevant and immaterial.

[7] Charge 1, refused to defendant, was, to say the least, misleading. One of the issues in the case was the indebtedness of defendant to plaintiff.

[8] Charges 2 and 3, refused to defendant, were affirmative charges, and, as the evidence was in conflict, were properly refused.

In conformity to the foregoing, the judgment in favor of plaintiff is corrected and affirmed.

Let the clerk of this court enter judgment in accordance with this opinion.

Corrected and affirmed.

### On Rehearing.

[9] The court is of the opinion that section 6153 of the Code of 1923 does not apply to appeals in which the judgment is either reversed and rendered, or is substantially corrected to preserve a right to which the appellant was entitled, and to obtain which he was forced to appeal to this court. The difference is one of form only, so far as the penalty and costs are concerned. To correct and affirm in the instant case is the same as if the judgment had been reversed and rendered. The 10 per cent. penalty does not attach, and appellee is taxed with the costs of appeal. N. Y. Life Ins. Co. v. Reese, 201 Ala. 673, 79 So. 245.

Opinion extended, and application is overruled.