(112 So. 237)

## COMMERCIAL CREDIT CO. v. PARKS.
### (6 Div. 879.)

Supreme Court of Alabama.    April 7, 1927.

**1. Usury ☞32—Note and conditional sale agreement for automobile held not instrument to which usury attaches (Code 1923, § 7400).**

Note and conditional sale agreement, under Code 1923, § 7400, for balance due on automobile, being one instrument, and each referring to the other and assigned for value before maturity, *held* as a matter of law not an instrument to which usury attaches, and assignee thereof was entitled to benefits of a bona fide purchaser for value before maturity.

**2. Bills and notes ☞166—That negotiable paper retains title to property therein described does not destroy its negotiability.**

Fact that negotiable paper retains title to property therein described as security for the debt does not destroy its negotiability.

**3. Bills and notes ☞378—Bona fide holder in due course, not party to attestation made after maker's signature, may enforce payment of note according to original tenor (Negotiable Instruments Law [Code 1923, § 9144]).**

Despite fact that names of attesting witnesses were added to note subsequent to maker's signature and without his consent, when it is in hands of a holder in due course who is not party to attestation he may, under Negotiable Instruments Law (Code 1923, § 9144), enforce payment according to its original tenor.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action in detinue by the Commercial Credit Company against George Parks. From the judgment, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellant.

There is no usury involved in selling a chattel on credit for a price more than 8 per cent. per annum higher than the price at which the same chattel is offered for cash. Comm. Credit Co. v. Shelton, 139 Miss. 132, 104 So. 75; Dykes v. Bottoms, 101 Ala. 390, 13 So. 582; 52 Or. 183, 96 P. 548, 18 L. R. A. (N. S.) 102; 27 R. C. L. 214; 39 Cyc. 927. Nor is there usury involved in the buying of commercial paper at less than its ostensible value. 39 Cyc. 931, 932; King v. People's Bank, 127 Ala. 266, 28 So. 658; Hudson v. Repton Bank, 16 Ala. App. 101, 75 So. 695; Woodall v. People's Bank, 153 Ala. 576, 45 So. 194; Warren v. Shook, 91 U. S. 704, 23 L. Ed. 421. A negotiable instrument which has been altered is not void in the hands of a holder in due course, not a party to the alteration, and may be enforced according to its original tenor. Code 1923, § 9144; Green v. Harsh, 204 Ala. 520, 86 So. 392.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Curtis, Pennington & Pou, of Jasper, for appellee.

Adding the name of an attesting witness to a promissory note, after its execution at the instance of the payee, is a material alteration. White S. M. Co. v. Saxon, 121 Ala. 399, 25 So. 784; Yancey v. Denham, 211 Ala. 139, 99 So. 851. The holder of commercial paper, acquired on a usurious contract, is not a bona fide holder protected against infirmities. Hart v. Adler, 109 Ala. 467, 19 So. 894; Lewis v. Hickman, 200 Ala. 672, 77 So. 46; Code 1923, § 8567; Van Beil v. Fordney, 79 Ala. 76.

GARDNER, J. Suit in detinue by appellant against appellee for one Chevrolet automobile. There was judgment for the plaintiff for the recovery of the car. Upon suggestion of defendant (the plaintiff holding a conditional sale contract [section 7400, Code 1923]), the jury ascertained the value of the car to be $900, and the balance due at $80, and plaintiff, being dissatisfied therewith, prosecutes this appeal.

The questions here considered as of prime importance are presented by various rulings on rather voluminous pleadings and exceptions to portions of the oral charge of the court.

[1] The transaction here involved originated in the purchase of this car by the defendant from the City Garage & Sales Company. For the remainder of the purchase price defendant executed to said City Garage Company (to so designate it) his negotiable promissory note and "conditional sale agreement," being one instrument and each referring to the other. This instrument was duly transferred and assigned for value and before maturity to the plaintiff in this action.

Defendant insisted that the instrument was tainted with usury, with the knowledge and connivance of the plaintiff, and that therefore the plaintiff was not in the position of a bona fide purchaser of a negotiable instrument. This cause was tried prior to the decision of this court in Commercial Credit Co. v. Tarwater, 110 So. 39.[1] The transaction giving rise to the execution of this instrument was not for a loan of money or the forbearance of a debt, but represented the balance due on the purchase of the car.

The instant case bears close analogy to the above-cited authority, and, indeed, a comparison of the two is persuasive that in the essential features the Tarwater Case is similar to this and to such an extent as to be controlling here. Further discussion of the question would serve no useful purpose.

[2] We are of the opinion, upon the authority of the Tarwater Case, it must be here held there was no usury in the transaction for the execution of this instrument, and that the plaintiff is entitled to the benefits of a bona fide purchaser for value and before maturity. As this conclusion is reached from a consideration of the undisputed evidence in the case, it results that the trial court committed error in submitting the question of usury for the jury's determination. But it is insisted the Tarwater Case is not here controlling for the reason this is a detinue suit resting upon the conditional sale contract, and not a suit upon the negotiable note. We think this position, however, untenable. The fact that a negotiable paper retains title to property therein described as security for the debt does not destroy its negotiability. Citizens' Nat. Bank v. Buckheit, 14 Ala. App. 511, 71 So. 82, and authorities therein cited. It appears the negotiable note and conditional sale agreement constituted one instrument. Such retention of title gives a better security for the note, partakes of the nature, and is entitled to the same protection as the secured debt. 7 Cyc. 58; 8 Corp. Jur. 387; Fed. Land Bank v. Corinth Bank & Trust Co., 214 Ala. 146, 107 So. 88; Fed. Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585; Branscomb v. Fed. Land Bank (Ala. Sup.) 110 So. 42.[2] Plaintiff therefore is in as favorable a position as if the suit were upon the note.

[3] It is further insisted there was a material alteration of the instrument in that the names of attesting witnesses were added thereto subsequent to defendant's signing, and without his knowledge or consent. Yancey v. Denham, 211 Ala. 139, 99 So. 851. When, however, the instrument is in the hands of a holder in due course, who is not a party to the attestation, he may enforce the payment thereof according to its original tenor under the express provision of the Negotiable Instruments Law. Section 9144, Code of 1923; Green v. Harsh, 204 Ala. 520, 86 So. 392.

The rulings of the trial court were not in harmony with these views.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.

---

[1] Ante, p. 123.

[2] Ante, p. 242.