(124 So. 394)

## JOHNSON v. HILL. (8 Div. 769.)

Court of Appeals of Alabama. Oct. 29, 1929.

R. L. Almon, of Moulton, for appellant.

Almon & Almon, of Decatur, for appellee.

SAMFORD, J. The plaintiff brought his action under the statute (Code 1923, § 7389), claiming certain personal property. Preliminary bond was executed, a writ issued, and the property described was seized by the sheriff. The defendant failed to execute replevin bond, and after five days the plaintiff executed bond as provided by section 7391 of the Code of 1923, and the property described therein was delivered to him.

On the trial the defendant filed his plea of non detinet and a suggestion, under section 7400 of the Code of 1923, that the suit was based upon a mortgage, and asked that the mortgage debt be ascertained. To this plea and suggestion the plaintiff filed a replication, alleging that since the filing of the suit the suit had been settled between the parties by a division of the property embraced in the suit and the payment of the costs of suit to date of settlement by plaintiff, and that plaintiff in accordance with said settlement had delivered that part of the property to which defendant was entitled to him and that defendant still retained same. To this replication the defendant filed a general demurrer that the replication was no answer to the plea. This demurrer was sustained by the court, and that ruling is here assigned as error.

Under our practice no demurrer in pleading can be allowed but to matter of substance, which must be specified in the demurrer, and no objection can be taken or allowed which is not distinctly stated. Code 1923, § 9479. If, therefore, the replication of plaintiff presents a bar to defendant's contention in the pending suit, though imperfectly pleaded, a general demurrer should not have been sustained.

The replication sought to allege a complete settlement between the parties of the matters and things included in the pending suit between them. Properly alleged and proven, the defendant would not be entitled to recover in this action or to proceed further in the suit. The right of parties to settle disputes arising between them, either before or after action brought, is well recognized and encouraged by the law and by all the courts. Code 1923, §§ 5640-5643; Arnold & Co. v. Gibson, 216 Ala. 314, 113 So. 25; 1 Corpus Juris, 565, 580 (141).

It is urged by the appellee that this error of the trial judge is error without injury. With this contention we cannot agree. True, evidence on this point was admitted without objection, but the trial judge omitted from his oral charge all reference to this contention of the plaintiff. The plaintiff did not get the benefit of this contention.

The rule relating to attorney's fees, in actions based on mortgages and like obligations, is stated in Ashley v. Hill, 21 Ala. App. 603, 110 So. 597. When a suggestion is made in a pending detinue suit under section 7400 of the Code of 1923, the issues are broadened so as to include every item due on the mortgage at the time suit was brought.

For errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.