10 So.2d 869
**FOREMOST DAIRIES, Inc., v. ANDREWS.**
**4 Div. 716.**

Court of Appeals of Alabama.
Oct. 27, 1942.

Rehearing Denied Nov. 24, 1942.

Roy L. Smith, of Phenix City, for appellant.

J. B. Hicks, of Phenix City, for appellee.

BRICKEN, Presiding Judge.

Appellant instituted this detinue suit against the appellee to recover twenty-six cows. The appellee filed three pleas, of which two was as follows: "Defendant says that the said property described in the plaintiff's complaint is claimed under and by virtue of a mortgage and that he asks that the balance due under the mortgage be ascertained, if any." And later filed two special pleas and amended one of these. Appellant demurred to some of the pleas but apparently the court never ruled upon the demurrer and there is no assignment of error because of any adverse ruling thereon.

Appellant makes six assignments of error; one, five and six relate to overruling its motion for a new trial; two and three to the refusal of the affirmative charge, and four to a ruling on the testimony.

The opinion prevails here that under the facts admitted in evidence the case was properly submitted to the jury and the verdict should not be set aside as contrary thereto.

The appellant's title is predicated upon a written instrument (which is set out in full in the report of the case). It is denominated a "mortgage note." It is unusual in form but does contain the statement, "I hereby create a lien on and mortgage to the payee and his heirs and assigns the following property."

Under the cases this would seem sufficient to constitute a mortgage. In fact, the use of either the word "lien" or "mortgage" seems adequate for that purpose. Mervine v. White, 50 Ala. 388; Ellington v. Charleston, 51 Ala. 166.

It will be noted that the instrument does not contain a defeasance clause but our Supreme Court has said: "It is no objection to it as a mortgage that it contains no express defeasance. It expressly evidences a sale to secure a debt and from this a defeasance is implied." Dothan Guano Co. v. Ward, 132 Ala. 380, 31 So. 748.

The record does not show any demand upon appellee for the possession of the cows. Neither does the mortgage say who is entitled to the possession thereof. When the mortgage contains no words postponing the mortgagee's right to possession the mortgagee is entitled to possession immediately. Elston v. Roop, 133 Ala. 331, 32 So. 129; Hardison v. Plummer, 152 Ala. 619, 44 So. 591.

The most serious question is the ruling on testimony.

Appellee, a dairyman, sold over a considerable period of time large quantities of milk to appellant for a base price per gallon, plus five cents per one-tenth of one per cent for the butter fat content in excess of four per cent fat. He insists that either through fraud or mistake, or error, the appellant miscalculated, to appellee's injury, the butter fat content of such milk and that if properly calculated the appellant would be largely indebted to the appellee.

Appellant contends the milk was paid for according to contract. During a considerable period of time appellee sold milk handled in the same way from the same herd of cattle to both the appellant and another concern and this other concern also tested the milk delivered to it. Such test showed a larger percentage of butter fat during the same period than did appellant's.

The appellee produced, and sought to introduce in evidence, a transcript of the records of this other concern showing the butter fat content from day to day of the milk delivered to that concern. He introduced, as a witness, Flanagan, the tester for such other concern who made the butter fat test from day to day and the witness testified that the sheets exhibited showed the test he made; that the test was scientifically made to the best of his knowledge and skill and he had been in that kind of business for ten years. Appellee testified that the sheets were the original entries, not made by him but by the book-

keeper; that he knew the statement was correct; that it had to be correct because it was made by the bookkeeper who was under bond. He further testified: "This was made up for me several weeks ago. The whole thing had been from records at the plant. * * * I requested them to give me the record and this is what they gave me. * * * I don't know other·than the record. * * * I am not there from day to day to supervise the keeping of the record."

The difference between the butter fat content, during the same time,.by the other concern and by appellant's plant, was four-tenths of one per cent, which, as calculated by a former employee of appellant, would make a difference in appellee's favor of $2,-340.

The record is silent as to whether or not different cows yield a different per cent of butter fat and silent as to whether or not the butter fat content of milk varies according to the period of lactation or the food consumed or the season.

Although appellee testified to his knowledge that the sheets produced were correct it appears that all he could know and therefore truthfully say was that these sheets corresponded with the daily reports he received from such other concern. It sufficiently appears that he had no personal knowledge of the test when made and no personal knowledge of the accuracy of such test. According to our view his testimony in this regard is what has been denominated a "testimonial nonentity." Hoyle v. State, 23 Ala.App. 130, 122 So. 183; Hicks v. Burgess, 185 Ala. 584, 64 So. 290; Stockburger Bros. v. Aderholt, 195 Ala. 56, 70 So. 157; Aetna Explosives Co. v. Schaeffer, 209 Ala. 77, 95 So. 351.

The opinion prevails here in view of the testimony of the witness Flanagan the sheets correctly showed the tests made by him, the sheets insofar as they related to that test, were admissible in evidence. Appellant's objection went to the entire sheets and not merely to the portions thereof having no bearing upon the butter fat test and, in accordance with this view, the lower court's ruling in admitting the entire sheets is due to be affirmed.

Affirmed.