75 So.2d 484

**S. C. BALLARD**

v.

**FIRST NATIONAL BANK OF BIRMINGHAM.**

3 Div. 693.

Supreme Court of Alabama.

Aug. 30, 1954.

Rehearing Denied Oct. 28, 1954.

Hill, Hill, Stovall & Carter, Montgomery, Lange, Simpson, Robinson & Somerville, Jas. A. Simpson, Robt. McD. Smith, Birmingham, for appellee.

Calvin M. Whitesell, Montgomery, for appellant.

**STAKELY, Justice.**

This is a detinue suit brought by The First National Bank of Birmingham (appellee) against S. C. Ballard (appellant) for the recovery of one 1952 White Tractor Motor WC 28—TD, Motor No. 101616, Serial No. 406102 and one 1950 Brown Trailer Model MST—230, Serial No. 0501142. The defendant pleaded the general issue, a special plea of usury and made the statutory suggestion under § 929, Title 7, Code of 1940 that the jury ascertain the amount of debt due by the defendant. After hearing the evidence the court on the written request of the plaintiff gave the affirmative charge without hypothesis in favor of the plaintiff and charged the jury that, "It had been stipulated by the counsel for the respective parties that the balance of the mortgage debt is $10,161.55 and that the value of the property is $11,000. So the jury would render a verdict in this form: 'We, the jury, find for the plaintiff for the property sued for and ascertain the balance of the mortgage debt to be $10,161.55. We further assess the value of the property at $11,000.00.' "

The jury returned a verdict for the plaintiff in accordance with the instructions of the court and thereupon the court rendered a judgment in favor of the plaintiff in accordance therewith. The appeal here is from that judgment.

The testimony showed in substance the following. The plaintiff purchased from the Aluminum Trailer Sales Co., Inc. for $11,704.04 a conditional sales contract dated May 31, 1952, whereby Aluminum Trailer Sales Co., Inc. sold to Sam C. Ballard under the provisions thereof the tractor and trailer sued for, for a total price of $21,561.55, $2,000 of which was paid in cash, $1,350 being allowed the purchaser as the trade-in value of a 1947 International Tractor and $2,000 being allowed as a credit for the trade-in value of a Carter Trailer, leaving a balance due under the conditional sales contract of $16,211.55. The conditional sales contract provided among other things in substance the following: (1) Title to the property and all equipment and accessories thereon or thereafter added shall not pass by delivery of the property to the buyer, but shall remain vested in and be the property of the seller or assigns until the purchase price shall have been fully paid. (2) Should the buyer fail to pay any installments or any portion of the purchase price when and as the same becomes due (time being of the very essence of this contract) other circumstances constituting default being here omitted, then in any one of said events the seller or assigns shall have the right to declare all of said installments (and the notes evidencing the same, if any) immediately due and payable and shall have the right, without notice to or demand upon anyone, to retake possession of the property and for that purpose may pursue the same wherever it may be found.

As stated the plaintiff purchased the aforesaid conditional sales contract and the indebtedness evidenced thereby and credited to the seller the amount of $11,704.04. There is a provision included in the contract requiring the property to be insured for the period of the contract. The cost of this insurance was at the rate of $1,385.28 a year, which means the cost of insurance for two years would be twice that amount. This insurance was procured from the Insurance Service Agency, who at that time wrote insurance on trucks hauling explosives.

The monthly payments of $680 each under the contract were made through and including the payment due March 30th, 1953, when it was agreed between the parties that the payment falling due on April 30th would be extended until the 12th of May and the payment for May 30th extended until June 12th and so on down through the rest of the fourteen months' contract, the final payment being for $571.55. The purchaser later on requested further extensions of time for the monthly payments. The request was not granted

and the indebtedness under the contract became due and payable. The equipment was found in Montgomery, Alabama and this suit for the recovery of the equipment was instituted in the Circuit Court of Montgomery County by the bank to repossess the equipment with the result as has been stated.

I. It is insisted by the appellant that the court was in error in giving the affirmative charge without hypothesis in favor of the plaintiff. We find no error in this action of the court. We have carefully considered the evidence given by the defendant on the trial of the cause and we consider that the testimony of the defendant himself and the other witnesses testifying for the defendant established without conflict every element of plaintiff's case. From their testimony alone it appears that the plaintiff purchased the vendor's interest in a conditional sales contract covering the equipment sued for. There is no question but that the property described in the contract and in the complaint was purchased by the defendant from Aluminum Trailer Sales Co., Inc. There is no question but that the appellant and Aluminum Trailer Sales Co., Inc. executed the contract in question. It is without dispute that the contract was subsequently sold to the bank for a valuable consideration. S. C. Ballard himself testified that the payment due April 30th, 1953 was not paid. Payment of the amount due on the purchase price as provided in the contract was, therefore, in default on the 18th day of May 1953 when the suit was instituted. What we mean to say is that the defendant's own testimony fully establishes without conflict the plaintiff's case, when this is taken in connection with the plea of the general issue filed by the defendant which is an admission of the possession by the defendant of the property sued for at the time of the commencement of the suit. Section 934, Title 7, Code of 1940. Where this is the situation the court acts correctly when it gives the general affirmative charge without hypothesis. In the case of Harris v. State ex rel. Wilson, 215 Ala. 56, 109 So. 291, 293, this court said:

"When the party holding the burden of proof wholly fails to adduce evidence to support the cause of action or defense, or where the testimony of one's own witnesses, without conflict, makes out the case of the opposing side, the court may direct the verdict by affirmative instruction without hypothesis on request in writing. In such case there is nothing to argue. The party may not assail the credibility of his own witnesses in argument.

"But, if the evidence is solely from witnesses on the side of the party holding the burden of proof, the affirmative instruction must be with hypothesis, such as, 'if the jury believe the evidence.' This expressly submits to the jury the issue upon the credibility of the witnesses. The right to argue this issue obtains as in other cases. The rule is subject to the general right and duty of the court to confine the argument to that issue, and the legitimate matters going to the credibility of witnesses. * * *"

See also O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580; Byars v. Alabama Power Co. 233 Ala. 533, 172 So. 621.

II. It is argued by the appellant that the rate of lawful interest in Alabama is fixed at eight percent per annum under § 60, Title 9, Code of 1940 and any interest collected in excess of this rate is usurious and all payments which include interest are to be credited on principal.—Section 65, Title 9, Code of 1940; Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463. This contention as to usury could obviously only apply to an ascertainment of the balance of the indebtedness under the contract. According to the stipulations of counsel, as shown by the charge of the court which has been hereinabove referred to, that balance was ascertained to be $10,161.55. There was no exception or objection to the charge of the court. We could well rest our opinion on this stipulation which was recognized by the court but we go on to point out that this is not a case involving usury. The plaintiff bank purchased the conditional sales contract and the indebtedness evidenced thereby. There was

no increase in the burden of the maker of the notes. In other words, the bank did not make a loan or advance of money, but merely purchased a negotiable security. Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A.L.R. 1437. The fact that this is a detinue suit resting upon a conditional sale contract and not a suit upon the notes evidencing the indebtedness secured thereby, does not affect the principle which we have stated. Commercial Credit Co. v. Parks, 215 Ala. 648, 112 So. 237.

III. It is contended that the court was in error in refusing to dismiss for improper venue. The question of venue was raised for the first time during the trial of the case. It was raised by oral motion after the plaintiff had rested and after the defendant had personally testified. The record shows that the defendant filed a general appearance in the form of demurrer. Later the defendant pleaded in bar. Issue was joined and the case proceeded to trial. There were no pleas in abatement.

 The question of venue is a defense in abatement. Rich v. Brewer, 205 Ala. 343, 87 So. 323. Furthermore matter in abatement is waived by general appearance and pleading in bar. Cooper v. Lake Wood Co., 199 Ala. 633, 75 So. 307; Woolf v. McGaugh, 175 Ala. 299, 57 So. 754. The record shows that the property sued for was in the possession of the defendant in Montgomery County when the suit was filed and when the property was taken into custody by the sheriff under the writ of the Circuit Court of Montgomery County. There is no doubt but that detinue is an action ex delicto, Gossett v. Morrow, 187 Ala. 387, 65 So. 826 and an action in detinue may be instituted in the county where the property is found in the hands of the party against whom the suit is brought. Rand v. Gibson, 109 Ala. 266, 19 So. 533; § 54, Title 7, Code of 1940.

It is contended that where there is proof of a reasonable attorney's fee as allowed under the contract, this makes the suit one in contract and therefore changes the question of venue. § 929, Title 7, Code of 1940 has been construed as permitting proof of a reasonable attorney's fee as part of unpaid balances of the purchase price where a statutory suggestion has been made. Ashley v. Hill, 21 Ala.App. 603, 110 So. 597; Johnson v. Hill, 23 Ala.App. 286, 124 So. 394. These cases involve chattel mortgages rather than a conditional sales contract, but the statute covers both and makes no distinction. Furthermore detinue is the appropriate remedy in either case. These were detinue cases. They show that the character of the suit is not changed. The action is still detinue which is an action ex delicto.

IV. Finally it is the position of the appellant that the verdict of the jury was irregular and erroneous in that it failed to find a separate value for the tractor and the trailer but found only a lump sum. It is claimed that by reason of the provisions of § 921, Title 7, Code of 1940 and the cases construing this section that the court was clearly in error.

 As we have heretofore pointed out, the verdict followed the instructions given orally by the court. No objection was made to this instruction. It would have been possible to show the value of the tractor and the trailer sued for in this case as there was evidence of the separate value of each. However, the statute in question is designed to afford protection to and is for the benefit of the respective parties. Townsend v. Brooks, 76 Ala. 308. We know of no reason why the benefit of the statute may not be waived. We know of no reason why a judgment should not stand when it fails to separate the value of the property sued for when there has been a stipulation of a lump sum value and no objection is made to an instruction providing for a lump sum value.

Upon a consideration of the various matters argued by the appellant, we conclude that the judgment of the lower court is due to be affirmed.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.

On Application for Rehearing

Upon application for rehearing it is insisted that we have impinged upon our decision in Bern v. Rosen, 259 Ala. 292, 66 So.2d 711, when we labelled the contract involved in the litigation as a conditional sales contract. We did not intend any such result. We point out that in Bern v. Rosen, supra, the rights of an innocent purchaser were involved. Here that is not the situation. In Bern v. Rosen it is stated that the argument that all the incidents of the contract together with the circumstances show an intention of the parties that the transaction was one of sale and not by way of loan, might be considered pertinent to litigation between vendor and vendee. In this case, the bank merely purchased the contract from the Aluminum Sales Company. The litigation here is between the bank and S. C. Ballard who purchased the equipment.

It does not seem to us that it makes any difference what label is placed on the contract. The contract was in default because payment became in default. Under the terms of the contract no demand was necessary as a condition precedent to suit. We are simply referring to the contract and are not intending to say that a demand would have been necessary in the absence of such a provision. For if the contract is regarded as a chattel mortgage, no demand was necessary, because the instrument contains no words postponing the mortgagee's right of possession until default. Foremost Dairies Inc. v. Andrews, 30 Ala.App. 603, 10 So.2d 869, certiorari denied 243 Ala. 554, 10 So.2d 871; Hardison v. Plummer, 152 Ala. 619, 44 So. 591. Finally the balance due under the contract was reached by agreement of the parties as stated in court. It is unnecessary to label the contract here involved and our opinion is modified to that extent.

Opinion modified and application for rehearing overruled.