96 So.2d 196

Alton POWELL

v.

Edith KING.

7 Div. 412.

Court of Appeals of Alabama.

June 18, 1957.

W. M. Beck, Fort Payne, for appellant.

---

C. M. T. Sawyer, II, and Leonard Crawford, Fort Payne, for appellee.

**CATES, Judge.**

This is an appeal from a judgment for the plaintiff, Mrs. King, in a detinue action to recover some household furniture which Powell claimed by virtue of a purported mortgage thereof to him from the plaintiff's husband.

At the instance of the plaintiff, the jury was given the following charge:

"I charge you gentlemen of the jury that if you are reasonably satisfied that any of defendant's witnesses testified falsely to a material fact then you may disregard his testimony in its entirety."

The omission of "wilfully" from this charge was error; and since the giving thereof was called to the trial court's notice in the defendant's motion for a new trial, the cause must be reversed. We quote from the opinion in Higginbotham v. State, 262 Ala. 236, 78 So.2d 637, 641:

"Refused charge 14 omits the word 'willful' and hence was properly refused. Prater v. State, 107 Ala. 26, 18 So. 238."

The "falsus in uno, falsus in omnibus" cant has become an incrustation that impedes navigation to the ends of justice in that it so often causes the jury to try the witnesses rather than the issues. It must be carefully applied so that the jury clearly knows it is the sole judge of the evidence and that there must be shown some scienter on the part of a witness thought to offend. See discussion in 4 A.L.R.2d 1064 et seq.

The instrument given to Powell by Mr. King was a printed form of promissory note with an interlineation, "Mortgage on * * * 1 Refrigerator, cedar chest 1 Electric stove, Entire Household & Kitchen Furniture." Upon another trial consideration should be given to Foremost Dairies, Inc., v. Andrews, 30 Ala.App. 603, 10 So.2d 869, as to whether the quoted interlineation contains apt words conveying chattels.

For the error pointed out, the judgment below is reversed and the cause remanded for proceedings consistent herewith.

Reversed and remanded.